# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | Plaintiff, | **PRETRIAL ORDER** |
| v. | | Case No. 06-CR-320 |
| DAVID OLOFSON | | |

In accordance with the Federal Rules of Criminal Procedure and the Criminal Local Rules for the United States District Court for the Eastern District of Wisconsin, IT IS ORDERED that as part of the pretrial proceedings in this case the parties shall comply with the following motion practice:

1.  All motions, together with a legal memorandum and any supporting affidavits shall be filed by __12/26/06__;
    opposing memorandum shall be filed by __1/5/07__; and
    any reply shall be filed by __1/10/07__.

    a.  The length of any legal memorandum shall be in accordance with Civil L.R. 7.1(f).
    b.  Any <u>discovery motion</u> under Fed.R.Crim.P. 16(a) or 16(b) must be accompanied by the statement required by Criminal L.R. 16.1(a).
    c.  No motions to adopt or join in a motion of a co-defendant will be permitted without prior approval of the court for good cause shown.

2.  a.  If either party files a motion seeking an evidentiary hearing, Criminal L.R. 12.3 applies and the movant is not required to file a supporting memorandum of law with the motion (SEE Criminal L.R. 12.2(c)).
    b.  If a motion seeks an evidentiary hearing, the movant shall provide in the motion:

        (1) a short, plain statement of the principal legal issue or issues at stake and specific grounds for relief in the motion;
        (2) after a conference with the non-moving party, a description of the material disputed facts that movant claims require an evidentiary hearing; and
        (3) an estimate of the in-court time necessary for the hearing.

    c.  The non-moving party may file a response opposing an evidentiary hearing within 3 days after filing of a movant's motion seeking an evidentiary hearing. The non-movant's response shall include a short, plain statement of why that party believes that an evidentiary hearing is unnecessary (SEE Criminal L.R. 12.3).

3.  All motions pertaining to bail (e.g. motions for reduction of bail, modifications of conditions of release and reconsideration of detention orders) shall be addressed to the magistrate judge in this district who set bail or issued the order of detention.

4.  In all cases, counsel are to provide paper copies of all motions and supporting documentation directly to the magistrate judge's chambers. Such copies are to be clearly marked "COPY" on the first page of each document submitted.

Dated at Milwaukee, Wisconsin this 6th day of December, 2006.

s/ William E. Callahan, Jr.
UNITED STATES MAGISTRATE JUDGE