UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        Case No. 06-CR-320

DAVID R. OLOFSON,

    Defendant.

## SCHEDULING ORDER

The above captioned matter has been noticed for a final pretrial conference on **Tuesday, February 13, 2007**, and a jury trial on **Tuesday, February 20, 2007**. Therefore, to insure the orderly preparation of this case for trial,

**IT IS ORDERED** that counsel for the parties confer in person, and thereafter prepare and file, not later than **Thursday, February 8, 2007**, a single joint final pretrial report that addresses each of the following:

1. A brief summary of the charge(s) against the defendant(s) for purposes of informing potential jurors of the nature of the case including the parties.

2. The anticipated length of the trial.

3. Any stipulations of fact reached by the parties.

4. The name, occupation, and city of residence of all potential witnesses.

5. In the event an expert witness is expected to be called to testify, a narrative statement detailing the witnesses' background and qualifications.

6. A complete list of all exhibits the parties expect will be offered or otherwise referenced during the trial. All exhibits must be numbered sequentially and marked in accordance with General Local Rule 26.1.

7. Any area of inquiry that the parties would like the court to consider in questioning potential jurors on *voir dire*.

8. Proposed jury instructions—generally limited to the elements of the offense(s) or other area unique to the facts of law applicable to the case. Proposed jury instructions must be formatted as the parties would expect the court to deliver them to the jury—references to form numbers are not acceptable. If, after a good faith effort, the parties are unable to agree on a particular instruction, they may so note, and include a short memorandum of law in support of their position, including an offer of proof, if required.

9. A proposed verdict form should the underlying facts, including sentencing consideration, require a "Special Verdict."

The report, the principal burden for the composition and preparation of which rests with the government, may be electronically filed; however, a hard copy bearing the inked signatures of counsel who will actually try the case must be filed directly with the court's chambers.

In the event a defendant wishes to resolve his case short of trial, the court must receive a written notification of such intent not later than the close of business on **Thursday, February 8, 2007**, in order that the defendant remain eligible for acceptance of responsibility credit under the United States Sentencing Guidelines.

Dated at Milwaukee, Wisconsin, this  6th  day of December, 2006.

BY THE COURT:

s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge