UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA

                                    Case No. 06-CR-320

               Plaintiff

v.

DAVID ROLAND OLOFSON

               Defendant

_____

NOTICE OF MOTION AND PRETRIAL MOTION TO EXCLUDE EVIDENCE

_____

       Please take notice that defendant, David Olofson, by Rose & Rose by Christopher

W. Rose, his attorney, will move this Court for the relief requested in the annexed motion

before the Honorable William E. Callahan, Jr., United States Magistrate Judge, United

States District Court for the Eastern District of Wisconsin at a date and time to be set by

this   Court and/or as soon thereafter as counsel can be heard.

       Dated this 5th day of  January, 2007.

                              ROSE & ROSE
                              Attorneys for Defendant

                              s/ CHRISTOPHER W. ROSE
                                  CHRISTOPHER  W. ROSE
                                State Bar No. 1032478

                              5529-6th Avenue
                              Kenosha,WI 53140
                              262/658-8550 or 262/657-7556
                              E-Mail: rose-law@sbcglobal.net

PRETRIAL MOTION TO EXCLUDE EVIDENCE

The defendant, David R. Olofson, by Rose & Rose by Christopher W. Rose, his attorney moves this Court for an order excluding evidence seized at the defendant, David R. Olofson's residence pursuant to the search warrant executed in the above entitled matter.  Specifically, the evidence seized at the defendant's residence is not relevant evidence pursuant to the Federal Rules of Evidence, Rule 401, as said evidence does not have a tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without said evidence.  See *Rule 401, Federal Rules of Evidence*. That attached hereto and made a part hereof and incorporated herein by reference is the evidence control log which constitutes the evidence seized at Mr. Olofson's residence as well as the firearms seized at his residence as well.

That Mr. Olofson is specifically charged with knowingly transferring a machine gun, to wit, an Olympic Arms Model CAR-AR,  .223 caliber rifle, in violation of Title 18, United States Code, § 922(o).  That the evidence seized at his residence is not relevant to a determination as to whether or not Mr. Olofson knowingly transferred the Olympic Arms, Model CAR-AR, .223 caliber rifle, in violation of Title 18 of the United States Code.  That pursuant to Title 18, United States Code, §  922 (o)(1):

> (o)(1).  Except as provided in ¶ 2, it shall be unlawful for any person to transfer or possess a machine gun.

Paragraph (2) of 922 (o)(2), does not apply to Mr. Olofson.  Further, pursuant to the Criminal Complaint, Mr. Olofson is charged with knowingly transporting said Olympic Arms,  Model CAR-AR,  .223 caliber rifle to a Robert J. Kiernicki. As such, the information seized at Mr. Olofson's residence is not relevant and the defendant would

therefore move this court for an order excluding the evidence seized at his residence

therefore.

Dated this 5th day of January, 2006.

ROSE & ROSE
Attorneys for Defendant, David R.Olofson

s/ CHRISTOPHER  W. ROSE
    CHRISTOPHER W. ROSE
    State Bar No. 1032478

5529-6[th] Avenue
Kenosha,WI 53140
262/658-8550 or 262/657-7556
E-mail: rose-law@sbcglobal.net