UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                     Plaintiff,

v.

                              Case No. 06-CR-320

DAVID ROLAND OLOFSON,

                     Defendant

---

BRIEF IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE

---

The defendant, David R. Olofson, by Rose & Rose by Christopher W. Rose, his attorney, hereby submits this brief in support of his motion to exclude the evidence seized at his residence.

Pursuant to Federal Rules of Evidence, Rule 401, relevant evidence is defined as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. See *Rule 401*, *Federal Rules of Evidence*. Further, pursuant to Title 18, Sec. 922 (o)(1), it shall be unlawful for any person to transfer or possess a machine gun. See Title 18, *Sec. 922 (o)(1),* United States Code.

Further, Mr. Olofson is charged with knowingly transferring a machine gun, to wit, an Olympic Arms, Model CAR-AR, .223 caliber rifle, to a Robert J. Kiernicki. Therefore, the Government must prove, first, that Mr. Olofson in fact transferred this machine gun to Mr. Kiernicki in its case in chief.

Second, the Government must also prove the following: (1) that the Olympic Arms 223 caliber rifle is a weapon that expels a projectile by the action of an explosive, and is therefore a "firearm" as that term is defined in 18 U.S.C. § 921 (a) (3) (A); (2) is a weapon shoots automatically more than one shot, without manual re-loading, by a single function of the trigger, and is therefore a "machine gun" as that term is defined in 26 U.S.C. § 5845 (b); and (3) because it is a machine gun, it is also a "firearm" as defined in 26 USC § 5845 (a) (6). See 18 U.S.C. § 921 (a)(3)(A); 26 U.S.C. § 5845(b) & (a)(6).

The evidence seized at Mr. Olofson's residence is contained in the affidavit to the motion and includes various firearms and other evidence in the Evidence Control Log. (See affidavit attached to motion). Relevant evidence is established by any showing, however slight, that the evidence makes more or less likely that the defendant committed the crime in question. U.S. v. Mora, 81 F. 3rd 781, C.A. 8 (Mo.) 1996. In Mr. Olofson's case, however, the evidence seized at his residence does not make it more or less likely that he transferred the Olympic Arms, Model CAR-AR, .223 caliber rifle to Mr. Kiernicki as the Government need only prove that Mr. Olofson transferred the machine gun and that the Olympic Arms, Model CAR-AR, was both a firearm and a machine gun as defined in the United States Code, pursuant §§ 26 U.S.C.5845(b), 26 U.S.C. 5845(a)(6) and 18 U.S.C. 921(a)(3)(A). As such the evidence seized at his residence should be excluded by this Court.

Dated this 5th day of January, 2007.

ROSE & ROSE
Attorneys for Defendant,
David R. Olofson

s/ CHRISTOPHER W. ROSE
    CHRISTOPHER W. ROSE
    State Bar No. 1032478
5529-6th Avenue
Kenosha,WI 53140
262/658-8550 or 262/657-7556
E-mail: rose-law@sbcglobal.net