UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                Plaintiff,
     v.                                           Case No. 06-CR-320

DAVID R. OLOFSON,

                Defendant.
_____

## GOVERNMENT'S RESPONSE
_____

On December 5, 2006, a federal grand jury returned a one-count indictment charging David R. Olofson with knowingly transferring a machine gun in violation of 18 U.S.C. § 922(*o*). As part of the investigation leading up to the indictment, federal agents executed a search warrant at Olofson's residence. During the search, agents located and seized a number of items. Among those items were firearms components, tools used to modify firearms, and a manual that descibed – among other things – how to convert a firearm into a machinegun. Olofson now has filed a motion seeking to exclude all evidence seized from his residence, arguing that the evidence is irrelevant

To establish a violation of § 922(*o*), the government must prove (1) that the defendant transferred a weapon that shoots, is designed to shoot, or can easily be restored to shoot automatically more than one shot, without manual reloading, by a single function of the trigger; and (2) that the defendant knew, or was aware of, the essential characteristics of the

firearm that made it a "machinegun." *United States v. McGiffen*, 267 F.3d 581, 590 (7th Cir. 2001).

The government expects the evidence at trial to establish that Olofson provided the machinegun in question to another individual. Moreover, the evidence will establish that Olofson converted the gun into a machinegun. The manual describing how that conversion can be accomplished, the tools for making such a conversion, and the components used to construct firearms all are relevant evidence. Such evidence will corroborate witness testimony as to Olofson's converting the firearm in question into one that satisfies the statutory definition of a "machinegun." In short, Olofson's know-how and his possession of necessary tools and components are a part – and only a part – of the evidence that makes it more likely that he knew that the weapon in question was a machinegun. The evidence is therefore relevant under Fed. R. Evid. 401, and there is no basis for prohibiting its introduction at trial.[1]

Based on the foregoing, the government requests that the defendant's motion be denied.

---

[1] Olofson's motion, in any event, is not the type that need be filed in accordance with the schedule set forth in the Court's pretrial order. Rather, it is the type of issue more typically raised *in limine* with the district court or via an objection at the appropriate time at trial.

Respectfully submitted, this 16th day of January, 2007

        STEVEN M. BISKUPIC
        United States Attorney

By:

        s/Gregory J. Haanstad
        Assistant United States Attorney
        Gregory J. Haanstad: 1036125
        Attorneys for Plaintiff
        Office of the United States Attorney
        Eastern District of Wisconsin
        517 East Wisconsin Avenue, Room 530
        Milwaukee, Wisconsin   53202
        Telephone:(414) 297-4581, Fax:(414) 297-1738
        E-Mail: greg.haanstad@usdoj.gov