UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 06-CR-320

DAVID ROLAND OLOFSON,

    Defendant.

---

### ORDER RE: PRETRIAL MOTION TO EXCLUDE EVIDENCE

---

On December 5, 2006, a grand jury sitting in the Eastern District of Wisconsin returned a one count indictment against David Roland Olofson ("Olofson"), charging him with knowingly transferring a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). Olofson was arraigned on the charge and entered a plea of not guilty. In accordance with the pretrial motion schedule, on January 5, 2007, Olofson filed a motion to exclude "evidence seized at the defendant, David R. Olofson's residence pursuant to the search warrant executed in [this] matter." (Mot. at 2.) Olofson argues that the evidence seized at his residence, which "includes various firearms and other evidence in the Evidence Control Log" (Def's Br. at 2), is not relevant to the charge of having transferred a machine gun to one Robert J. Kiernicki. More precisely, Olofson argues that

> relevant evidence is established by any showing, however slight, that the evidence makes more or less likely that the defendant committed the crime in question. In Mr. Olofson's case, however, the evidence seized at his residence does not make it more or less likely that he transferred the Olympic Arms, Model CAR-AR, .223 caliber rifle to Mr. Kiernicki as the Government need only prove that Mr. Olofson transferred the machine gun and that the Olympic Arms, Model CAR-AR, was both a firearm and a machine gun as defined in the United States Code, pursuant [to] . . . . 26 U.S.C. [§] 5845(b), 26 U.S.C. [§] 5845(a)(6) and 18 U.S.C. [§] 921(a)(3)(A).

As such the evidence seized at his residence should be excluded by this Court.

(Def's Br. at 3.)

In its response, the government states that among the items seized during the execution of the search warrant were "firearms components, tools used to modify firearms, and a manual that described - among other things - how to convert a firearm into a machinegun." (Gov't's Br. at 1.) The government asserts that in order to establish a violation of U.S.C. § 922(o) it must prove (1) that Olofson transferred a weapon that shoots, is designed to shoot, or can easily be restored to shoot automatically more than one shot, without manual reloading, by a single function of the trigger; and (2) that the defendant knew, or was aware of, the essential characteristics of the firearm that made it a "machinegun." *United States v. McGiffen*, 267 F.3d 581, 590 (7th Cir. 2001). The government then argues:

> The government expects the evidence at trial to establish that Olofson provided the machinegun in question to another individual. Moreover, the evidence will establish that Olofson converted the gun into a machinegun. The manual describing how that conversion can be accomplished, the tools for making such a conversion, and the components used to construct firearms all are relevant evidence. Such evidence will corroborate witness testimony as to Olofson's converting the firearm in question into one that satisfies the statutory definition of a "machinegun." In short, Olofson's know-how and his possession of necessary tools and components are a part - and only a part - of the evidence that makes it more likely that he knew that the weapon in question was a machinegun. The evidence is therefore relevant under Fed. R. Evid. 401, and there is no basis for prohibiting its introduction at trial.

(Gov't's Br. at 2.)

Simply stated, the defendant claims that evidence of the items seized during the execution of a search warrant at his residence is not relevant to the charges set forth in the indictment and that this court should therefore rule it to be inadmissible at trial. To be sure, Fed. R. Crim. P. 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court

2

can determine without a trial of the general issue." But in my opinion, an argument relating to the relevancy of certain evidence (as opposed to, for example, the legality of its seizure) is one that should more properly be presented to the trial judge in the form of a motion in limine. This is because whether certain evidence is relevant can often only be determined in the context of other evidence that is presented at the trial (as contrasted with the pictorial vacuum that oftentimes is extant in pretrial proceedings). Such being the case, the defendant's motion to exclude evidence will be construed as a motion in limine and will be deferred entirely to the trial judge for a ruling thereon. In that regard, the parties are encouraged to bring this particular motion to the attention of the trial judge at the final pretrial, which is currently scheduled for February 13, 2007, at 8:30 AM.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), Federal Rules of Criminal Procedure 59(a), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of the date of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

**SO ORDERED** this 23rd day of January, 2007, at Milwaukee, Wisconsin.

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge
