UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                Case No. 06-CR-320

DAVID R. OLOFSON,

       Defendant.

## FINAL PRETRIAL REPORT

The parties in the above-entitled case hereby submit the following joint final pretrial report.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2007.

                                      Respectfully submitted,
                                      STEVEN M. BISKUPIC
                                      United States Attorney

            By:    s/Gregory J. Haanstad
                    Assistant United States Attorney
                    Gregory J. Haanstad: 1036125
                    Office of the United States Attorney
                    Eastern District of Wisconsin
                    517 East Wisconsin Avenue, Room 530
                    Milwaukee, Wisconsin  53202
                    Telephone: (414) 297-4581

                    s/Christopher W. Rose
                    Christopher Rose:
                    Rose & Rose
                    5529-6th Avenue
                    Rose Professional Building
                    Kenosha, WI 53140
                    Telephone: (262) 657-7556

1

**I.      Summary of the Case**

The defendant, David R. Olofson, is charged in a single-count indictment with knowingly transferring a machinegun to another individual on July 13, 2006.

**II.     Anticipated Length of Trial**

The parties anticipate that the trial will last two days.

**III.    Stipulations of fact**

None.

**IV.    Names and Addresses of All Witnesses Expected to be Called to Testify**

    A.    Government's Witnesses

        1.    Kevin Block
            Police Captain, City of Berlin Police Department
            Berlin, Wisconsin

        1.    Cory L. Cihlar
            Berlin, Wisconsin

        2.    Paul Harding
            Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives
            Milwaukee, Wisconsin

        3.    Jody Keeku
            Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives
            Milwaukee, Wisconsin

        4.    Robert J. Kiernicki
            Berlin, Wisconsin

        5.    Brian J. Malzhan
            Berlin, Wisconsin

        6.    Max Kingery
            Firearms Officer, Bureau of Alcohol, Tobacco, Firearms, and Explosives
            Quantico, Virginia

        7.    Paul Spittleberger
            Police Officer

Berlin, Wisconsin

8. Robert Zache
Police Officer
Berlin, Wisconsin

B. Defendant's Witnesses

1. Kelly Harris
140 South Cecil Street
Bonduel, WI 54107
Occupation: truck driver

2. Mike Bykowski
High Performance International
573 West Florist Avenue
Milwaukee,WI 53218

3. Bill Buch – Probation/Parole Agent
1422 South 92nd Street, Apt. 309
West Allis, WI 53214

4. Paul Astrack
352 North Washington Street
Berlin, WI 54923
Occupation: Machinsit/Mechanic

V. **Expert Witnesses**

A. Government's Expert: Max Kingery

Mr. Kingery is presently employed by the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), in Martinsburg, West Virginia, as a Firearms Enforcement Officer. His current duties include the following: (1) Provide technical information regarding ammunition and firearm identification, operation, and design for the purpose of assisting ATF, as well as the law enforcement community in general, in the implementation of the Gun Control Act of 1968 and the National Firearms Act; (2) Conduct examinations and testing of ammunition and firearms and related devices submitted as evidence; (3) Prepare official responses to written inquiries from the firearms industry and the general public; (4) Utilize and assist in maintaining ATF firearms reference collection of approximately 9,000 firearms and extensive reference library of books, catalogs, and official documents relating to the firearms field; (5) Provide interagency, as well as law enforcement wide, training regarding ammunition and

3

firearm identification, operation, design, and nexus; (6) Conduct evaluations of industry imported firearms intended for retail; (7) Development and implementation of a new silencer testing instrumentation system known as the Sound Impulse Measurement System (SIMS).

Mr. Kingery has received specialized training in ATF courses on firearms identification and machine gun conversion.

B. Defendant's Expert: Mike Bykowski

As to Mr. Bykowski's qualifications, he has a background in mechanical engineering, with a B.S. in mechanical engineering from Marquette University. He is a registered professional engineer in the State of Wisconsin. His entire life has been in product and process development work and he holds several patents. He has done gunsmithing work for AR-15 rifles for the target shooting community for 20 years and has a national reputation for doing excellent work. His gunsmithing work is done under the trade name of High Performance International and he maintains a federal firearms license for this activity. He is intimately familiar with the operation and design of AR-15 rifles and their trigger mechanisms which would be the focus of his inspection.

**VI. Exhibits**

A copy of the exhibit list is attached.

**VII. Proposed Voir Dire Questions**

1. Please state your name, residence, marital status, educational background, employment and employment of your spouse. If retired or unemployed, please state the nature of your last employment.

2. Have any of you ever served as a juror in a civil or criminal case?
    - Approximately when?
    - If criminal, what was the nature of the charges?
    - Did the jury reach a verdict?
    - What was the verdict?
    - Were you the jury foreperson?
    - Was jury service a positive experience for you?

3. Do any of you know the defendant, David R. Olofson?

4. Do any of you know counsel for the defendant, Christopher Rose?

4

5. Do any of you know Assistant United States Attorney Gregory J. Haanstad?

6. This case was investigated by the City of Berlin Police Department and the United States Department of Treasury, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Have you had any contact with or formed any opinions about the Berlin Police Department or ATF which would affect your ability to be an impartial juror in this case?

7. The following people may be called as witnesses in this case:
   - Cory L. Cihlar
     Berlin, Wisconsin

   - Paul Harding
     Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives
     Milwaukee, Wisconsin

   - Jody Keeku
     Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives
     Milwaukee, Wisconsin

   - Robert J. Kiernicki
     Berlin, Wisconsin

   - Brian J. Malzhan
     Berlin, Wisconsin

   - Max Kingery
     Firearms Officer, Bureau of Alcohol, Tobacco, Firearms, and Explosives
     Quantico, Virginia

   - Paul Spittleberger
     Police Officer
     Berlin, Wisconsin

   - Robert Zache
     Police Officer
     Berlin, Wisconsin

   - Kelly Harris
     140 South Cecil Street

5

        Bonduel, WI 54107
        Occupation: truck driver

•       Mike Bykowski
        High Performance International
        573 West Florist Avenue
        Milwaukee,WI 53218

•       Bill Buch – Probation/Parole Agent
        1422 South 92nd Street, Apt. 309
        West Allis, WI 53214

•       Paul Astrack
        352 North Washington Street
        Berlin, WI 54923
        Occupation: Machinsit/Mechanic

Do you know any of these individuals?

8.    Have you, any of your close friends, or your relatives ever been employed by the United States Department of Justice, the Bureau of Alcohol Tobacco, Firearms, and Explosives, or any other federal or state law enforcement agency? If so, please specify your relationship with that person and the nature of his or her employment.

9.    Have any of you ever served in the military? When and where? What branch of the service?

10.   Have any of you, a relative, or a close friend ever been involved in a criminal case either as a witness, a party, or in some other capacity?

11.   Have you, any member of your family, or any close friend ever been charged with a felony? If yes, do you feel the outcome was fair? If not, why not? Would this affect your ability to be an impartial juror in this case?

12.   Have you, any member of your family, or any close friend every been charged with a misdemeanor other than a minor traffic violation? If yes, do you feel the outcome was fair? If not, why not? Would this affect your ability to be an impartial juror in this case?

13.   Have you, any relative, or close friend ever been involved in an investigation by federal or state authorities, including any grand jury, congressional or legislative investigation?

6

14. Have you, any member of your family, or any close friend ever served time in jail or in prison?

15. Have you, any member of your family, or any close friend ever been searched, or had your home or vehicle searched, by the police?

16. Have you ever been involved in a lawsuit other than a divorce? If so, please elaborate.

17. Does any juror have any feelings regarding the United States, the United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, or any other law enforcement agency, that might affect your ability to sit as a juror in this case and listen impartially to the evidence and render a verdict according to that evidence?

18. Have you or any of your close family members ever been the victim of a crime? If so, please elaborate.

19. Does anyone have any feelings or opinions about our system of justice or the jury system which might affect your ability to sit as a juror and weigh the evidence fairly and impartially?

20. Do any of you have any moral, religious, or philosophical beliefs which make you reluctant to serve on a criminal jury? Would any of those beliefs make it difficult or impossible for you to judge another person in a criminal case? Do any of you hold any principles or beliefs that would cause you to hesitate to vote to convict a person regardless of whether you felt the evidence proved him guilty beyond a reasonable doubt?

21. The defendant is charged with violations of the federal firearms laws. Are any of you familiar with federal firearm laws? Do you feel that these laws are unfair?

22. Have you ever owned a firearm? If so, what type? For what purpose?

23. Do any of you, or your spouses, belong to the National Rife Association (NRA)?

24. Do any of you have personal feelings about the possession of firearms that would affect your ability to decide the facts of a case involving the alleged unlawful transfer of a machinegun?

25. The jury is the judge of the facts while the judge decides the law. At the close of the case the judge will instruct you on the law that you must apply

to the facts of this case. It is your obligation to follow the Court's instructions about the law, whether or not you agree with the law. Is there anyone who would be unwilling to follow the judge's instructions? If you had opinions on what the law should be and your opinions were different from the judge's instructions on what the law is, does anyone feel they might refuse, or even hesitate, to follow the judge's instructions?

26. Is there any one of you who cannot set aside whatever personal opinions you might have about the defendant, the government, or the type of case before you, and arrive at a decision based solely on the evidence presented at trial and the instructions given to you by the Court?

27. Is there anything else that I have not covered which you believe will affect your ability to give a fair trial to either the prosecution or the defendant in this case?

**VIII. Proposed Jury Instructions**

**18 U.S.C. § 922(*o*)**
**Transfer of a Machine Gun – Elements**

To sustain the charge of transferring a machine gun, the government must prove the following propositions:

First, that the defendant knowingly transferred a machine gun; and

Second, that the defendant knew, or was aware of, the essential characteristics of the firearm which made it a machine gun.

Authority:
*Eleventh Circuit Pattern Jury Instructions - Criminal*, instruction 34.8, p. 216 (2003)
*See also United States v. McGiffen*, 267 F.3d 581 (7th Cir. 2001)

8

## 18 U.S.C. § 922(*o*)
## Definition of "Machine Gun"

A machine gun is any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person.

Authority:
*Eleventh Circuit Pattern Jury Instructions - Criminal*, instruction 34.8, p. 216 (2003)
26 U.S.C. § 5845(b)


## 18 U.S.C. § 922(*o*)
## Definition of "Transfer"

The term "transfer" includes selling, loaning, giving away, or otherwise disposing of.

Authority:
26 U.S.C. § 5845(j)
*See also United States v. McGiffen*, 267 F.3d 581 (7th Cir. 2001)

9