UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

                                    Case No. 06-CR-320

               Plaintiff

v.

DAVID R. OLOFSON,

               Defendant
_____

AFFIDAVIT IN SUPPORT OF MOTION TO ADJOURN
_____

STATE OF WISCONSIN:
                            : ss
KENOSHA COUNTY   :

      CHRISTOPHER W. ROSE, being duly sworn, states:

      1. I am the defendant's attorney in the above matter.

      2. Mr. Olofson has been trying to employ an expert witness to review the evidence in his case. Mr. Olofson has attempted to contact various gunsmiths throughout his case but to date has had no luck in finding one until he recently found Mr. Christopher Fox, whom is certified in the AR-15/M16 as an armorer with over 300 hours of formal and informal training skills regarding the AR-15. Upon information and belief, Mr. Fox would review the evidence in the above matter including the rifle which is the subject of the defendant's case.

      3. Since approximately mid-January, 2007 Mr. Olofson has been attempting to contact and/or employ an expert witness in the above matter. Mr. Olofson first contacted Len Savage with Historic Arms, LLC. However, Mr. Savage declined to get involved in

Mr. Olofson's case although he had the expert knowledge in the above matter. Further, Mr. Olofson has attempted to contact various other gunsmiths throughout the last couple of months, approximately 10 to 12, to have them take a look at the evidence in this case. Mr. Olofson has been attempting to contact various gunsmiths since the middle of January, 2007. Mr. Olofson thought he had employed a Mike Bykowski, however Mr. Bykowski, after having been informed of the rates of pay for expert witnesses in Federal Court, declined to assist Mr. Olofson in the investigation. This led Mr. Olofson to have to attempt to contact another expert witness. After much searching, Mr. Olofson was able to come in contact with Christopher Fox and Mr. Fox agreed to assist Mr. Olofson in his case. Mr. Olofson was contacted by Christopher Fox the week of March 5, 2007 after Mr. Olofson placed ads on the internet searching for someone to assist him in his case. The internet was the last possible avenue in which Mr. Olofson felt he could explore employing an expert. Mr. Fox, in fact, contacted Mr. Olofson via the internet and explained that he would be willing to assist him. Mr. Olofson in turn contacted the undersigned Christopher W. Rose, the affiant in the above matter with this information. Mr. Fox contacted the undersigned on March 8, 2007.

    4. On Thursday, March 8, 2007, the undersigned attorney for defendant, contacted Mr. Fox who informed the undersigned that he would be able to assist in the case; however, Mr. Fox also informed the undersigned that he would be out of town the week of March 12th and would not return until Friday evening, March 16th. Therefore, Mr. Fox would need the opportunity to review the evidence and discuss the same with

the undersigned prior to the defendant's trial which commences March 19, 2007. Due to the fact that Mr. Fox is out of town the week of March 12th, this would give Mr. Fox little or no time in which to view the evidence in this case.

5. That the undersigned was informed on Monday, March 12th that in fact the government intends to call a witness in their case in chief whom will testify that the AR-15 rifle in the above matter was modified to shoot as a machine gun. Given this, it is even more imperative that an expert witness be allowed to view the evidence in Mr. Olofson's case in order to provide Mr. Olofson a complete defense.

6. Further, upon information and belief, Mr. Fox reviewed the affidavit of Investigator Keeku in the above matter and is of the opinion that unless the ATF actually disassembled the gun in question, they would not be able to determine whether or not said weapon had been modified or not. Further, Mr. Fox informed the undersigned that one cannot look at the outside of the weapon alone in order to determine if the weapon has been modified. One has to look at the inside of the gun therefore.

7. Therefore, upon information and belief, Mr. Fox states that one must "field-strip" the weapon, and that one cannot make a determination that the weapon has in fact been modified by simply seeing if a bolt has been filed down or not. Upon information and belief, Mr. Fox would testify that one cannot determine whether or not the weapon in question was modified by simply observing that the bolt has been filed down or not.

8. Therefore, Mr. Fox, upon information and belief, would need to look at the inside of the weapon in order to make a determination as to whether or not the weapon is or was malfunctioning or whether or not it has been modified.

9. This affidavit is made in support of the annexed motion.

                                                             s/ CHRISTOPHER W. ROSE
                                                             CHRISTOPHER W. ROSE

Subscribed and sworn to before
me this 13th day of March, 2007.

s/ LENORA HAYES
Notary Public, State of Wisconsin
My commission expires: 02/12/2011

Rose & Rose
By: Christopher W. Rose
State Bar No. 1032478
5529-6th Avenue
Kenosha,WI 53140
262/658-8550 or 262/657-7556

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

                                      Case No. 06-CR-320

            Plaintiff

v.

DAVID R. OLOFSON,

            Defendant
_____

AFFIDAVIT IN SUPPORT OF MOTION TO ADJOURN
_____

STATE OF WISCONSIN:
                          : ss
KENOSHA COUNTY    :

      CHRISTOPHER W. ROSE, being duly sworn, states:

      1. I am the defendant's attorney in the above matter.

      2. Mr. Olofson has been trying to employ an expert witness to review the evidence in his case. Mr. Olofson has attempted to contact various gunsmiths throughout his case but to date has had no luck in finding one until he recently found Mr. Christopher Fox, whom is certified in the AR-15/M16 as an armorer with over 300 hours of formal and informal training skills regarding the AR-15. Upon information and belief, Mr. Fox would review the evidence in the above matter including the rifle which is the subject of the defendant's case.

      3. Since approximately mid-January, 2007 Mr. Olofson has been attempting to contact and/or employ an expert witness in the above matter. Mr. Olofson first contacted Len Savage with Historic Arms, LLC. However, Mr. Savage declined to get involved in

Mr. Olofson's case although he had the expert knowledge in the above matter. Further, Mr. Olofson has attempted to contact various other gunsmiths throughout the last couple of months, approximately 10 to 12, to have them take a look at the evidence in this case. Mr. Olofson has been attempting to contact various gunsmiths since the middle of January, 2007. Mr. Olofson thought he had employed a Mike Bykowski, however Mr. Bykowski, after having been informed of the rates of pay for expert witnesses in Federal Court, declined to assist Mr. Olofson in the investigation. This led Mr. Olofson to have to attempt to contact another expert witness. After much searching, Mr. Olofson was able to come in contact with Christopher Fox and Mr. Fox agreed to assist Mr. Olofson in his case. Mr. Olofson was contacted by Christopher Fox the week of March 5, 2007 after Mr. Olofson placed ads on the internet searching for someone to assist him in his case. The internet was the last possible avenue in which Mr. Olofson felt he could explore employing an expert. Mr. Fox, in fact, contacted Mr. Olofson via the internet and explained that he would be willing to assist him. Mr. Olofson in turn contacted the undersigned Christopher W. Rose, the affiant in the above matter with this information. Mr. Fox contacted the undersigned on March 8, 2007.

    4. On Thursday, March 8, 2007, the undersigned attorney for defendant, contacted Mr. Fox who informed the undersigned that he would be able to assist in the case; however, Mr. Fox also informed the undersigned that he would be out of town the week of March 12th and would not return until Friday evening, March 16th. Therefore, Mr. Fox would need the opportunity to review the evidence and discuss the same with

the undersigned prior to the defendant's trial which commences March 19, 2007. Due to the fact that Mr. Fox is out of town the week of March 12th, this would give Mr. Fox little or no time in which to view the evidence in this case.

     5. That the undersigned was informed on Monday, March 12th that in fact the government intends to call a witness in their case in chief whom will testify that the AR-15 rifle in the above matter was modified to shoot as a machine gun. Given this, it is even more imperative that an expert witness be allowed to view the evidence in Mr. Olofson's case in order to provide Mr. Olofson a complete defense.

     6. Further, upon information and belief, Mr. Fox reviewed the affidavit of Investigator Keeku in the above matter and is of the opinion that unless the ATF actually disassembled the gun in question, they would not be able to determine whether or not said weapon had been modified or not. Further, Mr. Fox informed the undersigned that one cannot look at the outside of the weapon alone in order to determine if the weapon has been modified. One has to look at the inside of the gun therefore.

     7. Therefore, upon information and belief, Mr. Fox states that one must "field-strip" the weapon, and that one cannot make a determination that the weapon has in fact been modified by simply seeing if a bolt has been filed down or not. Upon information and belief, Mr. Fox would testify that one cannot determine whether or not the weapon in question was modified by simply observing that the bolt has been filed down or not.

8. Therefore, Mr. Fox, upon information and belief, would need to look at the inside of the weapon in order to make a determination as to whether or not the weapon is or was malfunctioning or whether or not it has been modified.

9. This affidavit is made in support of the annexed motion.

                              s/ CHRISTOPHER W. ROSE
                              CHRISTOPHER W. ROSE

Subscribed and sworn to before
me this 13th day of March, 2007.

s/ LENORA HAYES
Notary Public, State of Wisconsin
My commission expires: 02/12/2011

Rose & Rose
By: Christopher W. Rose
State Bar No. 1032478
5529-6th Avenue
Kenosha,WI 53140
262/658-8550 or 262/657-7556

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                              Case No. 06-CR-320

        Plaintiff

v.

DAVID R. OLOFSON,

        Defendant

---

AFFIDAVIT IN SUPPORT OF MOTION TO ADJOURN

---

STATE OF WISCONSIN:
                        : ss
KENOSHA COUNTY   :

      CHRISTOPHER W. ROSE, being duly sworn, states:

      1. I am the defendant's attorney in the above matter.

      2. Mr. Olofson has been trying to employ an expert witness to review the evidence in his case. Mr. Olofson has attempted to contact various gunsmiths throughout his case but to date has had no luck in finding one until he recently found Mr. Christopher Fox, whom is certified in the AR-15/M16 as an armorer with over 300 hours of formal and informal training skills regarding the AR-15. Upon information and belief, Mr. Fox would review the evidence in the above matter including the rifle which is the subject of the defendant's case.

      3. Since approximately mid-January, 2007 Mr. Olofson has been attempting to contact and/or employ an expert witness in the above matter. Mr. Olofson first contacted Len Savage with Historic Arms, LLC. However, Mr. Savage declined to get involved in

Mr. Olofson's case although he had the expert knowledge in the above matter. Further, Mr. Olofson has attempted to contact various other gunsmiths throughout the last couple of months, approximately 10 to 12, to have them take a look at the evidence in this case. Mr. Olofson has been attempting to contact various gunsmiths since the middle of January, 2007. Mr. Olofson thought he had employed a Mike Bykowski, however Mr. Bykowski, after having been informed of the rates of pay for expert witnesses in Federal Court, declined to assist Mr. Olofson in the investigation. This led Mr. Olofson to have to attempt to contact another expert witness. After much searching, Mr. Olofson was able to come in contact with Christopher Fox and Mr. Fox agreed to assist Mr. Olofson in his case. Mr. Olofson was contacted by Christopher Fox the week of March 5, 2007 after Mr. Olofson placed ads on the internet searching for someone to assist him in his case. The internet was the last possible avenue in which Mr. Olofson felt he could explore employing an expert. Mr. Fox, in fact, contacted Mr. Olofson via the internet and explained that he would be willing to assist him. Mr. Olofson in turn contacted the undersigned Christopher W. Rose, the affiant in the above matter with this information. Mr. Fox contacted the undersigned on March 8, 2007.

    4. On Thursday, March 8, 2007, the undersigned attorney for defendant, contacted Mr. Fox who informed the undersigned that he would be able to assist in the case; however, Mr. Fox also informed the undersigned that he would be out of town the week of March 12th and would not return until Friday evening, March 16th. Therefore, Mr. Fox would need the opportunity to review the evidence and discuss the same with

the undersigned prior to the defendant's trial which commences March 19, 2007. Due to the fact that Mr. Fox is out of town the week of March 12th, this would give Mr. Fox little or no time in which to view the evidence in this case.

     5. That the undersigned was informed on Monday, March 12th that in fact the government intends to call a witness in their case in chief whom will testify that the AR-15 rifle in the above matter was modified to shoot as a machine gun. Given this, it is even more imperative that an expert witness be allowed to view the evidence in Mr. Olofson's case in order to provide Mr. Olofson a complete defense.

     6. Further, upon information and belief, Mr. Fox reviewed the affidavit of Investigator Keeku in the above matter and is of the opinion that unless the ATF actually disassembled the gun in question, they would not be able to determine whether or not said weapon had been modified or not. Further, Mr. Fox informed the undersigned that one cannot look at the outside of the weapon alone in order to determine if the weapon has been modified. One has to look at the inside of the gun therefore.

     7. Therefore, upon information and belief, Mr. Fox states that one must "field-strip" the weapon, and that one cannot make a determination that the weapon has in fact been modified by simply seeing if a bolt has been filed down or not. Upon information and belief, Mr. Fox would testify that one cannot determine whether or not the weapon in question was modified by simply observing that the bolt has been filed down or not.

8. Therefore, Mr. Fox, upon information and belief, would need to look at the inside of the weapon in order to make a determination as to whether or not the weapon is or was malfunctioning or whether or not it has been modified.

9. This affidavit is made in support of the annexed motion.

                                  s/ CHRISTOPHER W. ROSE
                                  CHRISTOPHER W. ROSE

Subscribed and sworn to before
me this 13th day of March, 2007.

s/ LENORA HAYES
Notary Public, State of Wisconsin
My commission expires: 02/12/2011

Rose & Rose
By: Christopher W. Rose
State Bar No. 1032478
5529-6th Avenue
Kenosha,WI 53140
262/658-8550 or 262/657-7556