UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    *v*.      Case No. 06-CR-320

DAVID R. OLOFSON,

    Defendant.

---

### DEFENDANT'S MOTION TO DISMISS INDICTMENT

David R. Olofson, by counsel, moves to dismiss the indictment, which charges him with transferring a machine gun, contrary to 18 U.S.C. § 922(o). Olofson argues that Congress exceeded its authority to regulate interstate commerce when it prohibited the intrastate transfer of a machine gun. Olofson also argues that prohibiting the transfer of a machine gun infringes Olofson's Second Amendment right to keep and bear arms. Olofson, however, acknowledges that controlling Seventh Circuit caselaw conflicts with his positions, and only raises these issues to preserve the matters for appeal.

    **A.**     **Interstate Commerce**

Article 1, Section 8 of the Constitution gives Congress the power to "regulate commerce . . . among the several States." This power is intrepreted to

allow Congress to regulate three categories of economic activity: 1) the use of the channels of interstate commerce; 2) the instrumentalities of interstate commerce; and 3) those activities having a substantial relation to interstate commerce. *United States v. Lopez*, 514 U.S. 549, 558-59 (1995).

In *United States v. Kenney*, 91 F.3d 884 (7th Cir. 1996), the Seventh Circuit held that § 922(o) is a constitutional exercise of Congress's Commerce Clause authority under the third category--that regulating machine guns is within the scope of congressional power over activities having a substantial relation to interstate commerce. *Id.* at 890.

Olofson argues that, as applied to him, § 922(o) exceeded Congress's authority to regulate interstate commerce because the indictment alleges purely intrastate activities. Olofson also maintains that *Kenney* conflicts with the Supreme Court's decision in *United States v. Morrison*, 529 U.S. 598 (2000). In *Morrison*, the Court established a four-part test to determine whether Congress exercised authority over an activity that substantially affects interstate commerce: 1) whether the regulated activity is commercial or economic in nature; 2) whether an express jurisdictional element is provided in the statute to limit its reach; 3) whether Congress made express findings about the effects of the proscribed activity on interstate commerce; and 4) whether the link between the prohibited activity and the effect on interstate commerce is attenuated.

Here, Olofson's transfer of the gun was not commercial or economic because he did not receive any money for the gun. Section 922(o) does not contain a jurisdictional element limiting its reach. Congress has made no express findings about how transferring an alleged machine gun affects interstate commerce. *See United States v. Stewart*, 451 F.3d 1071, 1074 (9th Cir. 2006). Finally, the link between Olofson's transfer of the alleged machine gun and interstate commerce is attenuated in that the government has not produced evidence that Olofson's alleged machine gun stimulated a demand for anything illegal. The government has not produced evidence that Olofson received or possessed parts that were not legally available. Further, the government cannot show that Olofson's transfer of the alleged machine gun affected demand as there is no evidence that the person to whom the gun was transferred would have bought a machine gun from a commercial source had he not received the gun from Olofson.

Olofson therefore argues that, as applied to this case, § 922(o) was not a valid exercise of Congress's authority to regulate activity that has a substantial relation to interstate commerce. However, Olofson acknowledges that this Court is bound by the Seventh Circuit's decision in *Kenney* that holds to the contrary.

B. **Second Amendment**

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear

Arms, shall not be infringed." Olfoson argues that the Second Amendment gurantees to him the right to transfer a machine gun.

The Seventh Circuit holds that Second Amendment rights do not inure to the individual, but to the people collectively. *Gillespie v. City of Indianapolis*, 185 F.3d 693, 710 (7th Cir. 1999). Accordingly, the Seventh Circuit concluded, "the Second Amendment establishes no right to possess a firearm apart from the role possession of the gun might play in maintaining a state militia." *Id.*

The Seventh Circuit's "collective rights" model is in conflict with two circuit courts. The Fifth Circuit held in *United States v. Emerson*, 270 F.3d 203, 260 (5th Cir. 2001) that the Second Amendment "protects individual Americans in their right to keep and bear arms whether or not they are a member of a select militia or performing active military service or training." Similarly, the District of Columbia Circuit held just one month ago that the Second Amendment protects an individual's right to keep and bear arms and that enjoyment of that right is not contingent upon the individual's membership in a militia. *Parker v. District of Columbia*, 478 F.3d 370, 395 (D.C. Cir. 2007).

Olofson believes that the tide of judicial interpretation of the Second Amendment is moving toward the individual rights model. Nevertheless, he understands that this Court is bound by the Seventh Circuit's decision in *Gillespie* and only raises this issue to preserve his appellate rights.

Dated at Milwaukee, Wisconsin, April 12, 2007.

Respectfully submitted,

**/s/ Brian P. Mullins**
Brian P. Mullins, Bar # 1026891
Counsel for David R. Olofson
FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.
517 E. Wisconsin Avenue, Room 182
Milwaukee, WI 53202
Tel: 414-221-9900
Fax: 414-221-9901
brian_mullins@fd.org