UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                    Case No. 06-CR-320

DAVID R. OLOFSON,

    Defendant.

---

## DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION TO DENY MOTION TO DISMISS AND TO DENY MOTION TO SUPPRESS STATEMENT

David R. Olofson, by counsel, objects to the magistrate judge's recommendation to deny his motion to dismiss the indictment and to deny his motion to suppress his statement pursuant to 28 U.S.C. § 636.

    **1.**    **Motion to Dismiss.**

Olofson argued that the indictment charging him with possessing an automatic weapon should be dismissed because Congress exceeded its authority to regulate interstate commerce when it prohibited the intrastate transfer of an automatic weapon, and that prohibiting possession of an automatic weapon deprives Olofson of his right to bear arms as secured by the Third Amendment.

Olofson acknowledged, however, that Seventh Circuit precedent held to the contrary and only raised the issues to preserve the matters for appeal.

The magistrate judge recommended that the motion to dismiss be denied, observing that it was bound by Seventh Circuit precedent on those claims.

Olofson objects to the recommendation to dismiss. He again, however, does so only to preserve the issues for appeal.

**2. Motion to Suppress.**

Olofson argued that his July 19, 2006, statement to law enforcement should be suppressed because he was subjected to custodial interrogation but was not advised of his *Miranda* rights.

The magistrate judge found that, although Olofson was interrogated, he was not in "custody" for purposes of *Miranda*. Law enforcement was therefore not required to advise him of his *Miranda* rights. Accordingly, the magistrate judge recommended that Olofson's motion to suppress be denied.

Olofson objects to the magistrate judge's recommendation that Olofson was not in "custody" and was therefore not entitled to recitation of his *Miranda* rights. Olofson relies on the arguments he raised in his memorandum in support of his motion to suppress, which is attached to this objection.

In addition, Olofson maintains that the magistrate judge erred because it did not consider that Olofson could not leave the police station without an officer

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

unlocking the door for him. The magistrate judge observed that Olofson "was not seated in an enclosed and locked interview room, but rather in Trochinski's office." (Recommendation at p. 8). But the magistrate judge did not consider that Olofson was interviewed in the "secure" area of the Berlin police station. (Ev. Hrg. Tr. at p. 30). Officer Trochinski explained that a person cannot leave the secure area of the police station without a police officer unlocking the door to allow them to leave. (Ev. Hrg. Tr. at p. 35).

The magistrate judge erred when the court did not consider this fact among the totality of circumstances to determine whether Olofson was in custody. Combined with the facts that a swat team stormed Olofson's house to execute the search warrant, Olofson was handcuffed immediately and placed in a squad car, Olofson's children were removed from his house and required to accompany law enforcement to a neighbor's house, and Olfoson was repeatedly told over a four- to five-hour period that he could not return to his home while the warrant was executed, Olofson has established that he was in "custody" for purpose of *Miranda* when he was interviewed by law enforcement on July 19, 2006.

Dated at Milwaukee, Wisconsin, July 6, 2007.

Respectfully submitted,

**/s/ Brian P. Mullins**
Brian P. Mullins, Bar # 1026891
Counsel for David R. Olofson
FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.
517 E. Wisconsin Avenue, Room 182
Milwaukee, WI 53202
Tel: 414-221-9900
Fax: 414-221-9901
brian_mullins@fd.org