December 10, 2007  **HAND DELIVERED**

AUSA Gregory J. Haanstad
United Stats Attorney's Office
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202

RE: *United States v. Olofson*
    Case No. 06-CR-320

Dear Mr. Haanstad:

I wanted to touch on a few matters prior to Mr. Olofson's debriefing scheduled for tomorrow. First, on behalf of Mr. Olofson, we still seek the following eight items discovery:

1. All documents pertaining to the 10/20/06 and 11/20/06 reports of technical examination, including but not limited to: work notes, work sheets, personal notes, photographs, video, audio, management directives, e-mail, etc.

2. Copy of the published testing procedures used in FTB testing and examination of defendant's firearm, as well as whether those procedures are publically available.

3. All training certificates, diplomas, levels of expertise, etc., on the AR-15 and M-16 firearms for SA Jody M. Keeku.

AUSA Gregory J. Haanstad
December 10, 2007
Page 2

4. All ATF correspondence to and from SGW and Olympic Arms regarding the use of M-16 triggers, hammers, disconnectors and safety selectors in AR-15 type firearms, specifically between 1980 and 1990.

5. All documents concerning the removal, correction or update of any AR-15 type rifles with M-16 components from the NFRTR (NFA registry) from 1986 to present, specifically but not limited to entries made by: Rick Vazquez and Sterling Nixon of the FTB and Ken Houtchens and Gary Shiables of NFA.

6. All documents relating to the refusal to accept any AR-15 type firearm with M-16 components for registration on the NFRTR

7. All FTB letters of classification, determination, etc. of a "shoe lace" being determined a machine gun or "string trick," specifically including 1996 to present.

8. All documents relating to the removal of Mr. Sterling Nixon from his position of Firearms Technology Branch Chief. This information can be obtained from the ATF director's office from Lou Raden or Audry Stucko.

I believe that you mentioned that Agent Keeku does not have any certificates and that, in any event, you do not expect her to testify. To help clarify whether my recollection is correct, could you please submit a formal response to discovery request #3 above. I believe that the other seven items are discoverable. I would also appreciate a formal response as to these discovery requests. Additionally, I would like to clarify your position regarding the "legal" documents requested in Olofson's September 25, 2007, discovery request (items 4, 5, 7, 8 and 11). My understanding of our conversation was that in the instance that any of those documents are relevant

for trial purposes, you would not object to the authenticity of the documents, no matter where on the internet these documents are retrieved from.

I would also like an opportunity, either tomorrow or in the immediate future, to discuss the strength of the Government's case against Mr. Olofson and the likelihood of resolving this case by the way of a federal or state misdemeanor.

It seems to me that given the conflicting FTB reports, the fact that Mr. Olofson's firearm was manufactured with M-16 parts by SGW (the reason behind request # 4 above), the lack of an auto-sear, and the long history of litigation concerning the SGW Olympic Arms CARAR .223 (going as far back as *United States v. Staples*), you will have a difficult time meeting your burden at trial. Accordingly, it is my hope that we can find enough common ground to negotiate a resolution that will satisfy both parties involved.

Sincerely,


_____
Brian T. Fahl

BTF/lcw

c:     Brian P. Mullins


N:\Cases-Open\O-P\Olofson, David - 07-203\Correspondence\121007Haanstadltr.wpd