UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 06-CR-320

DAVID R. OLOFSON,

    Defendant.

## AMENDED FINAL PRETRIAL REPORT

The parties submitted a joint final pretrial report prior to the first final pretrial in this matter. This amended report contains several changes to the witness list, the defendant's proposed expert, and the jury instructions.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2008.

Respectfully submitted,

| | |
|---|---|
| STEVEN M. BISKUPIC<br>United States Attorney<br><br>By: s/Gregory J. Haanstad<br>Assistant United States Attorney<br>Gregory J. Haanstad: 1036125<br>Office of the United States Attorney<br>Eastern District of Wisconsin<br>517 East Wisconsin Avenue<br>Milwaukee, Wisconsin 53202 | DAVID R. OLOFSON<br><br>s/ Brian P. Mullins<br>Attorney for Defendant<br>Federal Defender Services, Inc.<br>517 E. Wisconsin Ave.<br>Milwaukee, Wisconsin 53202 |

U.S. DIST COURT EAST DIS. WSC
FILED
JAN 3 2008
AT _____ O'CLOCK _____ M
JON W. SANFILIPPO CLERK

I.  **Summary of the Case**

The defendant, David R. Olofson, is charged in a single-count indictment with knowingly transferring a machinegun to another individual on July 13, 2006.

II. **Anticipated Length of Trial**

The parties anticipate that the trial will last two days.

III. **Stipulations of fact**

None.

IV. **Names and Addresses of All Witnesses Expected to be Called to Testify**

    A.    Government's Witnesses

        1.    Kevin Block
Police Captain, City of Berlin Police Department
Berlin, Wisconsin

        2.    Cory L. Cihlar
Berlin, Wisconsin

        3.    Paul Harding
Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives
Milwaukee, Wisconsin

        4.    Jody Keeku
Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives
Milwaukee, Wisconsin

        5.    Robert J. Kiernicki
Berlin, Wisconsin

        6.    Brian J. Malzhan
Berlin, Wisconsin

        7.    Max Kingery
Firearms Officer, Bureau of Alcohol, Tobacco, Firearms, and Explosives
Quantico, Virginia

        8.    Paul Spittleberger
Police Officer
Berlin, Wisconsin

9. Robert Zache
   Police Officer
   Berlin, Wisconsin

B. Defendant's Witnesses

   1. Paul Astrack
      Machinist
      Berlin, WI

   2. William Buch
      Probation/Parole
      West Allis, WI

   3. Kelly Harris
      Truck Driver
      Bonduel, WI

   4. M.J. Horkan
      Occupation Unknown
      Baraboo, WI

   5. Candace Olofson
      Nurse
      Berlin, WI

   6. David Olofson
      United States Army Reserves
      Berlin, WI

   7. David Olofson, Sr.
      Engineer
      Fond du Lac, WI

   8. Len Savage
      Firearms Manufacturer
      Franklin, GA

   9. Chad Zimmerman
      Farmer
      Berlin, WI

V.  **Expert Witnesses**

   A.  Government's Expert: Max Kingery

   Mr. Kingery is presently employed by the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), in Martinsburg, West Virginia, as a Firearms Enforcement Officer. His current duties include the following: (1) Provide technical information regarding ammunition and firearm identification, operation, and design for the purpose of assisting ATF, as well as the law enforcement community in general, in the implementation of the Gun Control Act of 1968 and the National Firearms Act; (2) Conduct examinations and testing of ammunition and firearms and related devices submitted as evidence; (3) Prepare official responses to written inquiries from the firearms industry and the general public; (4) Utilize and assist in maintaining ATF firearms reference collection of approximately 9,000 firearms and extensive reference library of books, catalogs, and official documents relating to the firearms field; (5) Provide interagency, as well as law enforcement wide, training regarding ammunition and firearm identification, operation, design, and nexus; (6) Conduct evaluations of industry imported firearms intended for retail; (7) Development and implementation of a new silencer testing instrumentation system known as the Sound Impulse Measurement System (SIMS).

   Mr. Kingery has received specialized training in ATF courses on firearms identification and machine gun conversion.

   Mr. Kingery will testify that he examined and test-fired the firearm at issue in this case on three separate occasions. Those tests demonstrated that the firearm shot automatically more than one shot, without manual reloading, by a single function of the trigger. Mr. Kingery's conclusion is that the firearm therefore is a machinegun.

   Mr. Kingery also will testify that the firearm fired automatically because it was modified with M-16 components.

   B.  Defendant's Expert: Len Savage

   Len Savage designs firearms and is the president of Historic Arms LLC, which is a company he founded that designs and builds semiautomatic versions of historic machine guns. Savage holds a Federal Firearms Manufacturing License. Savage has worked closely with the Federal Bureau of Alcohol, Tobacco and Firearms in connection with his firearms manufacturing business. Savage is an expert in the ATF's testing procedures for determining whether a firearm is an "automatic weapon" and with the mechanics of the AR-15 rifle – the firearm that the government alleges was a "machine gun" and was transferred by Olofson.

4

VI.     **Exhibit List**

Attached.

VII.    **Proposed Voir Dire Questions**

1.  Please state your name, residence, marital status, educational background, employment and employment of your spouse. If retired or unemployed, please state the nature of your last employment.

2.  Have any of you ever served as a juror in a civil or criminal case?
    - Approximately when?
    - If criminal, what was the nature of the charges?
    - Did the jury reach a verdict?
    - What was the verdict?
    - Were you the jury foreperson?
    - Was jury service a positive experience for you?

3.  Do any of you know the defendant, David R. Olofson?

4.  Do any of you know the defendant's attorneys, Brian Mullins or Brian Fahl?

5.  Do any of you know Assistant United States Attorney Greg Haanstad?

6.  This case was investigated by the City of Berlin Police Department and the United States Department of Treasury, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Have you had any contact with or formed any opinions about the Berlin Police Department or ATF which would affect your ability to be an impartial juror in this case?

7.  The following people may be called as witnesses in this case:
    - Cory L. Cihlar
      Berlin, Wisconsin

    - Paul Harding
      Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives
      Milwaukee, Wisconsin

    - Jody Keeku
      Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives
      Milwaukee, Wisconsin

    - Robert J. Kiernicki
      Berlin, Wisconsin

5

- Brian J. Malzhan
  Berlin, Wisconsin

- Max Kingery
  Firearms Officer, Bureau of Alcohol, Tobacco, Firearms, and Explosives
  Quantico, Virginia

- Paul Spittleberger
  Police Officer
  Berlin, Wisconsin

- Robert Zache
  Police Officer
  Berlin, Wisconsin

- Paul Astrack
  Machinist
  Berlin, WI

- William Buch
  Probation/Parole
  West Allis, WI

- Kelly Harris
  Truck Driver
  Bonduel, WI

- M.J. Horkan
  Occupation Unknown
  Baraboo, WI

- Candace Olofson
  Nurse
  Berlin, WI

- David Olofson, Sr.
  Engineer
  Fond du Lac, WI

- Len Savage
  Firearms Manufacturer
  Franklin, GA

6

- Chad Zimmerman
  Farmer
  Berlin, WI

    Do you know any of these individuals?

8. Have you, any of your close friends, or your relatives ever been employed by the United States Department of Justice, the Bureau of Alcohol Tobacco, Firearms, and Explosives, or any other federal or state law enforcement agency? If so, please specify your relationship with that person and the nature of his or her employment.

9. Have any of you ever served in the military? When and where? What branch of the service?

10. Have any of you, a relative, or a close friend ever been involved in a criminal case either as a witness, a party, or in some other capacity?

11. Have you, any member of your family, or any close friend ever been charged with a felony? If yes, do you feel the outcome was fair? If not, why not? Would this affect your ability to be an impartial juror in this case?

12. Have you, any member of your family, or any close friend every been charged with a misdemeanor other than a minor traffic violation? If yes, do you feel the outcome was fair? If not, why not? Would this affect your ability to be an impartial juror in this case?

13. Have you, any relative, or close friend ever been involved in an investigation by federal or state authorities, including any grand jury, congressional or legislative investigation?

14. Have you, any member of your family, or any close friend ever served time in jail or in prison?

15. Have you, any member of your family, or any close friend ever been searched, or had your home or vehicle searched, by the police?

16. Have you ever been involved in a lawsuit other than a divorce? If so, please elaborate.

17. Does any juror have any feelings regarding the United States, the United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, or any other law enforcement agency, that might affect your ability

7

to sit as a juror in this case and listen impartially to the evidence and render a verdict according to that evidence?

18. Have you or any of your close family members ever been the victim of a crime? If so, please elaborate.

19. Does anyone have any feelings or opinions about our system of justice or the jury system which might affect your ability to sit as a juror and weigh the evidence fairly and impartially?

20. Do any of you have any moral, religious, or philosophical beliefs which make you reluctant to serve on a criminal jury? Would any of those beliefs make it difficult or impossible for you to judge another person in a criminal case? Do any of you hold any principles or beliefs that would cause you to hesitate to vote to convict a person regardless of whether you felt the evidence proved him guilty beyond a reasonable doubt?

21. The defendant is charged with violations of the federal firearms laws. Are any of you familiar with federal firearm laws? Do you feel that these laws are unfair?

22. Have you ever owned a firearm? If so, what type? For what purpose?

23. Do any of you, or your spouses, belong to the National Rife Association (NRA)?

24. Do any of you have personal feelings about the possession of firearms that would affect your ability to decide the facts of a case involving the alleged unlawful transfer of a machinegun?

25. The jury is the judge of the facts while the judge decides the law. At the close of the case the judge will instruct you on the law that you must apply to the facts of this case. It is your obligation to follow the Court's instructions about the law, whether or not you agree with the law. Is there anyone who would be unwilling to follow the judge's instructions? If you had opinions on what the law should be and your opinions were different from the judge's instructions on what the law is, does anyone feel they might refuse, or even hesitate, to follow the judge's instructions?

26. Is there any one of you who cannot set aside whatever personal opinions you might have about the defendant, the government, or the type of case before you, and arrive at a decision based solely on the evidence presented at trial and the instructions given to you by the Court?

8

27. Is there anything else that I have not covered which you believe will affect your ability to give a fair trial to either the prosecution or the defendant in this case?

## VIII. Proposed Jury Instructions

### 18 U.S.C. § 922(*o*)
### Transfer of a Machine Gun – Elements

To sustain the charge of transferring a machine gun, the government must prove the following propositions:

<u>First</u>, that the defendant knowingly transferred a machine gun; and

<u>Second</u>, that the defendant knew, or was aware of, the essential characteristics of the firearm which made it a machine gun.

Authority:
*Eleventh Circuit Pattern Jury Instructions - Criminal*, instruction 34.8, p. 216 (2003)
*See also United States v. McGiffen*, 267 F.3d 581 (7th Cir. 2001)

9

## 18 U.S.C. § 922(*o*)
## Definition of "Machine Gun"

A machine gun is any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

Authority:
*Eleventh Circuit Pattern Jury Instructions - Criminal*, instruction 34.8, p. 216 (2003)
26 U.S.C. § 5845(b)

*The defendant request that the following paragraph be added to the instruction:

However, a weapon that fires automatically due to a malfunction of the weapon is not a machinegun for the purposes of the statute unless the malfunction is a result of an intentional manipulation of the weapon to convert the weapon from a semi-automatic weapon to a machinegun.

The government opposes this instruction.


## 18 U.S.C. § 922(*o*)
## Definition of "Transfer"

The term "transfer" includes selling, loaning, giving away, or otherwise disposing of.

Authority:
26 U.S.C. § 5845(j)
*See also United States v. McGiffen*, 267 F.3d 581 (7th Cir. 2001)