

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                                Case No. 06-CR-320

DAVID R. OLOFSON,

      Defendant.

---

## JURY INSTRUCTIONS



C. N. CLEVERT
United States District Court
Eastern District of Wisconsin
January 8, 2008

## THE FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## THE EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

## WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence.

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;
- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

## WEIGHING THE EVIDENCE -- INFERENCES

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## THE CHARGE - INDICTMENT

The Indictment in this case is the formal method of accusing the defendant of an offense and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

The defendant is charged in the Indictment as follows:

### Count One

**THE GRAND JURY CHARGES THAT:**

1. On or about July 13, 2006, in the State and Eastern District of Wisconsin,

### DAVID R. OLOFSON

knowingly transferred a machinegun.

2. The firearm involved in this offense was an Olympic Arms, .223 caliber SGW Rifle, model CAR-AR, bearing serial number F7079.

All in violation of Title 18, United States Code, Section 922(o) and 924(a)(2).

The defendant has pleaded not guilty to the charge.

## PRESUMPTION OF INNOCENCE -- BURDEN OF PROOF

The defendant is presumed to be innocent of the charge. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

## WEIGHING EXPERT TESTIMONY

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. That a witness has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

## PRIOR INCONSISTENT STATEMENTS - WITNESSES

You have heard evidence that before the trial a witness made a statement that may be inconsistent with the witness's testimony here in court. If you find that it is inconsistent, you may consider the earlier statement only in deciding the truthfulness and accuracy of that witness's testimony in this trial. You may not use it as evidence of the truth of the matters contained in that prior statement. If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.

## DATE OF CRIME CHARGED

The indictment charges that the offense was committed "on or about" July 13, 2006. The government must prove that the offense happened reasonably close to that date but is not required to prove that the alleged offense happened on that exact date.

## DEFINITION OF KNOWINGLY

When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident. Thus, to obtain a conviction, the government must prove that the defendant knew of the features of the gun that made it a "machine gun" as defined by federal law when he transferred the gun. You may not conclude that the defendant had knowledge if he was merely negligent in not discovering the truth.

18 U.S.C. § 922(o)

Definition of "Machine Gun"

A machine gun is any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

## 18 U.S.C. § 922(o)

## Transfer of a Machine Gun - Elements

To sustain the charge of transferring a machine gun, the government must prove the following propositions:

<u>First</u>, that the defendant knowingly transferred a machine gun; and

<u>Second</u>, that the defendant knew, or was aware of, the essential characteristics of the firearm which made it a machine gun.

18 U.S.C. § 922(o)

Definition of "Transfer"

The term "transfer" includes selling, loaning, giving away, or otherwise disposing of.

## JURY'S RECOLLECTION CONTROLS

If any reference by the court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

## SELECTION OF FOREPERSON AND DELIBERATION

Upon retiring to the jury room, you are directed to read through the jury instructions that will be provided. Then, select one of your number as your foreperson who will preside over your deliberations. In determining who will serve as your foreperson, you should consider the ability of that person to conduct your deliberations in a fair manner with due regard for the right of each jury member to be heard.

A verdict form has been prepared for you.

[Form of verdict read.]

Take this form to the jury room and, when you have reached unanimous agreement on the verdict, your foreperson will date and fill in the form to state the verdict upon which you agree.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. While consulting with fellow jurors keep in mind that any notes that were taken during the course of the trial are entitled to no greater weight than the memory or impression of each juror as to what the testimony may have been. Also, in the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your

honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if your foreperson is unwilling to do so, by some other juror, and given to the bailiff.

You will note from the oath about to be taken by the court security officer that he, as well as all other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.