UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    *v.*                                                                                                                                  Case No. 06-CR-320

DAVID R. OLOFSON,

    Defendant.

---

### DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

DAVID R. OLOFSON, by counsel, renews his motion for a judgment of acquittal pursuant to FED. R. CRIM. P. 29(c)(1). Judgment of acquittal is appropriate because no rational jury could find that Mr. Olofson knowingly transferred a machine gun. Moreover, a judgment of acquittal is also appropriate because 26 U.S.C. § 5845(b), which defines the term "machine gun" is unconstitutionally vague.

    **I.**    **Insufficient Evidence.**

A district court must enter a judgment of acquittal on grounds of insufficient evidence if it concludes that no rational trier of fact could have found the

defendant guilty beyond a reasonable doubt. *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003). Based upon the facts of this case, it is clear that no rational jury could have found beyond any reasonable doubt that the weapon at issue here was a machine gun.

As relayed in the jury instructions in this case, a machine gun is defined as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot automatically more than one shot, without manual reloading, by a single function fo the trigger. " 26 U.S.C. § 5845. Under this definition, no rational jury could conclude that Mr. Olofson's AR-15 rifle is a machine gun.

As counsel argued at trial, the definition of "machine gun" is not fluid – a weapon must either a machine gun or not. The definition is written in the present tense, which contemplates that a weapon will only qualify under the definition if it is in fact a machine gun. A weapon cannot qualify just because it fired automatically once or twice. If Congress had intended for weapons to qualify as machine guns because that weapon had, at some earlier point in time, fired automatically even though it doers not do so currently, the statute would have been written in past tense to read, for example, " any weapon that has shot...." Accordingly, the only reasonable interpretation of the definition of "machine gun" requires that a weapon must continually possess the qualities of a machine gun. In other words, the statute assumes that if a weapon was a machine gun at the time of

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

the offense, it would still be a machine gun at the time of the trial or even today. A weapon cannot "sometimes" be a machine gun. For example, if a weapon only has a fifty percent chance of firing automatically, it cannot be a machine gun.

If the court accepts Mr. Olofson's interpretation of the definition of machine gun, a reasonable doubt instantly arises as whether Mr. Olofson's AR-15 is a machine gun. In the first out of three tests of this weapon by ATF Officer Kingery, he testified that he determined that Mr. Olofson's rifle was not a machine gun, but instead was exhibiting a malfunction called "hammer follow through," where the hammer of the rifle is not caught and held in place by the disconnector, but instead follows the bolt carrier as it chambers another round of ammunition. The hammer, then, accidentally strikes the newly chambered round of ammunition. Officer Kingery then testified that in the subsequent tests when he used a soft-primered, more sensitive ammunition, the weapon exhibited the same "hammer follow through" malfunction, but now because of the soft ammunition, fired multiple rounds with a single pull of the trigger and was, therefore, a machine gun. To accept the government's argument that based upon Officer Kingery's tests, Mr. Olofson's AR-15 must be a machine gun is to allow the determination of whether something is a machine gun to be dependent on the type of ammunition used. And it allows the government to prosecute a person for possessing a firearm that merely sometimes acts like a machine gun (in this case, according to the government's tests

only 66% of the time). The statute does not and cannot allow for such an interpretation. Consequently, no rational jury could have determined beyond a reasonable doubt that Mr. Olofson's AR-15 is a machine gun.

**II. Void for Vagueness.**

Based upon the facts of this case, 26 U.S.C. § 5845, which defines the term "machine gun" is unconstitutionally vague, because it fails to place clear limits on which weapons can be considered "machine guns" and because the statute, as written, allows for arbitrary and capricious enforcement of the statute.

"The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definitiveness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Collins*, 272 F.3d 984, 988 (7th Cir. 2001)(quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). Vague statutes pose two problems. First, "they fail to provide due notice so that ordinary people can understand what is prohibited. *Id*. Second, "they encourage arbitrary and discriminatory enforcement." *Id.* The second prong is a more serious issue than the first. *Id*.

With regard to the second problem, "the legislature must establish minimal guidelines to govern law enforcement." *Kolender* 461 U.S. at 358. "Where the legislature fails to provide such minimal guidelines, a criminal statute may

4

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Case 2:06-cr-00320-CNC   Filed 01/17/08   Page 4 of 6   Document 73

permit a 'standardless sweep' [that] allows policemen, prosecutors and juries to pursue their personal predilections." *Id.*(quoting *Smith v. Goguen*, 415 U.S. 566, 575 (1974)).

Because Olofson does not challenge the statute on First Amendment grounds, his challenge is examined on an as-applied basis. *Collins*, 272 F.3d at 988. An "as applied" challenge is not ripe until all of the facts have been revealed. *United States v. Reed*, 114 F.3d 1067, 1070 (10th Cir. 1997).

This case poses the issue of whether Mr. Olofson weapon is a malfunctioning, but legal, AR-15 rifle or an illegal machine gun. The government's expert testified that in each test, the weapon was exhibiting the "hammer follow through" malfunction. However, depending upon the type of ammunition used sometimes it functioned like a machine gun and sometimes it did not. With the hard-primered military style (but commercially available) ammunition, the weapon did not fire multiple rounds with a single pull of the trigger. With the soft-primered hunting ammunition, the weapon did fire multiple rounds with a single pull of the trigger. Based upon these facts, even if Mr. Olofson was aware of the tests, he could not know whether he had a malfunctioning rifle or a machine gun.

Moreover, the government's fluid interpretation of the statue allows for arbitrary enforcement of the statute. On these facts and based upon the government's interpretation of the statute, it is clear that the ATF can manipulate its
5

testing procedures to arbitrarily turn a malfunctioning weapon into a machine gun. Because the statute is subject to such arbitrary enforcement, it is unconstitutionally vague.

Mr. Olofson therefore asks for a judgment of acquittal.

Dated at Milwaukee, Wisconsin, January 17, 2007.

Respectfully submitted,

**/s/ Brian T. Fahl**
Brian T. Fahl, Bar# 1043244
Brian P. Mullins, Bar # 1026891
Counsel for David R. Olofson
FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.
517 E. Wisconsin Avenue, # 182
Milwaukee, WI  53202
Tel:  414-221-9900
Fax: 414-221-9901
Brian _Fahl@fd.org
Brian_Mullins@fd.org

C:\Documents and Settings\Brian Fahl\Local Settings\Temporary Internet Files\Content.IE5\KO0MVHMU\olofsonacquittal[1].wpd