UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    *v*.                                                      Case No.  06-CR-320

DAVID R. OLOFSON,

    Defendant.

---

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCLOSURE OF EVIDENCE**

DAVID R. OLOFSON, by counsel, submits this memorandum in support of his motion for the disclosure of evidence.

**I.  Background.**

Olofson had previously requested disclosure of the SGW letter from the government on September 25 and December 10, 2007. The government refused to turn over the SGW letter. Accordingly, Olofson filed a motion to compel its disclosure, along with other documents not relevant here, on December 28, 2007. At the final pretrial conference on January 3, 2008, the Court refrained from making

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

any decision regarding the SGW letter until it heard back from the government as to whether a SGW letter actually existed.

On January 7, 2008, the morning of Olofson's trial, the Court inquired of the government as to the existence of a SGW letter. The government asserted that a SGW letter exists, but that it did not believe that the SGW letter was discoverable because, according to the Bureau of Alcohol, Tobacco and Firearms (BATF), it contained privileged tax return information and was therefore protected under 26 U.S.C. § 6103. Moreover, the government contended that in any event the SGW letter was not exculpatory. Based upon the BATF's representations, which were made through the government that the SGW letter contained return information, the Court denied Olofson's motion to compel its disclosure. Olofson proceeded to trial and was found guilty of transferring a machine gun by a jury on January 8, 2008.

II.  **Argument.**

Any correspondence from the BATF to SGW/Olympic Arms regarding the use of M-16 parts in its AR-15 rifles is not privileged return information as that term is defined in 26 U.S.C. § 6103 and is therefore discoverable. Moreover, the SGW letter is discoverable because it directly contradicts the government's theory during the pendency of this case that because Olofson's AR-15 contained the following M-16 parts, it qualified as a machine gun: a M-16 trigger, hammer,

2

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Case 2:06-cr-00320-CNC   Filed 05/01/08   Page 2 of 6   Document 84

disconnector and selector. Accordingly, the SGW letter is material to the issue of guilt or innocence and is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963).

### A. Return Information.

For the purposes of 26 U.S.C. § 6103, a return is any tax or information return that is required by, or provided for, or permitted under Title 26, which is filed with the Secretary by, on behalf of, or with respect to any person. 26 U.S.C. § 6103(b)(1); *Ryan v. Bureau of Alcohol Tobacco and Firearms*, 715 F.2d 644, 646 (D.C. Cir. 1983). "A 'tax return' is a return filed by the person liable for the tax to which the return information relates." *Ryan*, 715 F.2d at 647, FN4. Return information includes, among other things, a taxpayer's identity, amount of his income, assets and liabilities if they are received by, recorded by, prepared by, furnished to or collected by the Secretary with respect to a return. 26 U.S.C. § 6103(b)(2)(A); *Ryan*, 715 F.2d at 646. According to *Ryan*, the proper test to determine whether something is return information is to look to the formality of the document and the standardized requirement of its filing. *Id*. at 647.

Under the standard created by then Judge Scalia of the D.C. Circuit, the SGW letter is clearly not return information. The document(s) in question[1] were generated by the BATF and address BATF's concern regarding SGW/Olympic

---

[1] Olofson has never seen a copy of the SGW letter. The information regarding its contents comes from the recollection of Bob Schuetzen, owner of SGW/Olympic Arms. Schuetzen's original letter from the BATF was destroyed in a fire a number of years ago.

Arm's use of M-16 parts in its AR-15 rifles and malfunctions that may be occurring because of the use of M-16 internal parts; the documents were not filed by the taxpayer. Nor were the documents generated to protect or regulate revenue streams or assess liability regarding a particular taxpayer. Instead, the correspondence issued from the BATF in response to safety concerns about SGW/Olympic Arms AR-15 rifles. Because the SGW letter is not a return as defined in § 6103, the contents of the letter are not return information and are not protected from disclosure under the statute.

### B. BATF Memorandum.

Not only does the BATF's position mistake the controlling law with regard to the § 6103 privilege, but its own internal policy on the subject contradicts its position. Olofson has been made aware of an internal BATF memorandum that discusses the sort of information that the BATF collects that should be considered return information.

The BATF memorandum at issue is BATF memorandum number 22889, which is dated August 18, 1980.[2] The memorandum discusses whether the information listed on NFA transfer cards is protected under 26 U.S.C. § 6103 in response to a request for disclosure pursuant to the Freedom of Information Act (FOIA). The BATF memorandum opines that the only the name the transferee on

---

[2]BATF Memorandum 22889 is attached hereto.

the NFA transfer form is return information because the transferee may be subject to tax or liabilities based upon the transfer. All other information on the NFA transfer forms would be discoverable under the FOIA. Because the SGW letter does not discuss the transfer of firearm or registration of firearm under the NFA, under BATF policy, the SGW letter does not contain return information for the purposes of 26 U.S.C. § 6103 and it is discoverable under the statute.

### C. *Brady v. Maryland,* 373 U.S. 83 (1963).

Through the entire pendency of this case, the government has maintained that it is the presence of internal M-16 parts in Olofson's AR-15 that make it a machine gun. *See, e.g., Government's Response to Defendant's Motion for Judgment of Acquittal* at 3 FN1, Docket No. 80. Upon information and belief, the SGW letter directly contradicts the government's assertion regarding the four internal M-16 parts. As such, that information is material to the issue of guilt and is discoverable under *Brady.*

## III. Conclusion.

WHEREFORE, David R. Olofson, by counsel, respectfully requests that the Court grant his motion to compel the disclosure of copy of any and all correspondence from the BATF to SGW/Olympic Arms or concerning SGW/Olympic Arms' use of M-16 parts in the production of its AR-15 type weapons

between 1980 and 1990, particularly the use of M-16 triggers, hammers, disconnectors and selectors.

Dated at Milwaukee, Wisconsin, May 1, 2008.

Respectfully submitted,

s/ Brian T. Fahl
Brian T. Fahl, Wis. Bar #1043244
Counsel for Defendant
Federal Defender Services of Wisconsin, Inc.
517 E. Wisconsin Avenue, Room 182
Milwaukee, WI 53202
Tel: 414-221-9900
Fax: 414-221-9901
E-mail: brian-fahl@fd.org

C:\Documents and Settings\Brian Fahl\Desktop\Olofson\memo_new_trial.wpd