UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                               Case No. 06-CR-320

DAVID R. OLOFSON,

        Defendant.

---

**DEFENDANT'S SENTENCING MEMORANDUM**

**I.**

**INTRODUCTION**

This memorandum explains David Olofson's position on the sentence that will be "sufficient, but not greater than necessary" to meet the objectives of 18 U.S.C. § 3553(a), which are now the controlling considerations in every federal sentence. Based upon all of the relevant sentencing factors, Olofson believes that a sentence of twelve months probation is sufficient but not greater than necessary to meet the goals of the Sentencing Reform Act.

Justice Breyer's remedial opinion for the *Booker* court instructs federal judges that the sentencing considerations set out in 18 U.S.C. § 3553(a) now control the imposition of sentence, rather than binding guidelines. While courts may

consider the guideline range, the guidelines range is only one factor of many that courts must consider when determining an appropriate sentence. *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007). Instead of blindly adhering to a guideline construct, the district court must look to all of the sentencing factors to impose a sentence that is sufficient, but not greater than necessary to achieve the goals of sentencing. *Id*. at 570. "The reasonableness of a sentence is guided by the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Alburay*, 415 F.3d 782. 786 (7th Cir. 2005).

The factors outlined in § 3553(a) require the sentencing judge to impose a sentence "sufficient, but not greater than necessary," to comply with the purposes set forth in § 3553(a)(2). Section 3553(a)(2) states that such purposes are:

- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- (B) to afford adequate deterrence to criminal conduct;
- (C) to protect the public from further crimes of the defendant; and
- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) also directs sentencing Courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the sentencing range established by the guidelines; (4) any pertinent policy statements issued by the Sentencing

2

Commission; (5) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

## II

## ANALYSIS

**A.    Sentencing Guidelines.**

David Olofson agrees with the sentencing guidelines construct set forth in the revised presentence report ("PSR") dated April 30, 2008. The report determined that based upon a total offense level of 18 and a criminal history category of 1, the guideline imprisonment range is 27 to 33 months. PSR at ¶ 53.

**B.    Characteristics of the Defendant.**[1]

David Olofson is a stay-at-home father of three children, a husband, a soldier in the United States Army Reserves and a responsible gun owner and collector. These are the attributes that define David Olofson. But, because of his conviction in this case he will be discharged from the United States Army Reserves, he will lose his military pension and he will be forever barred from possessing a gun.

---

[1] Attached to this memorandum are letters from friends and colleague in support of Mr. Olofson..

David Olofson has spent his adult life in the military. From 1989 to 1993, he was in active duty with the United States Army, where he achieved the rank of specialist. Since that time he has been a member of the Army Reserves, where he is currently ranked as a specialist. Given the opportunity, Mr. Olofson would remain a member of the military in some fashion as long as he is able. His commitment to the military demonstrates both his patriotism and valor, especially now amidst the war in Iraq. However, due to his conviction here, Mr. Olofson will be discharged from the Army Reserves, will be ineligible for further military service and will lose his military pension and other benefits.

His military experience dovetails with his appreciation and respect for guns. In the military he received armorer's training, where he learned how to repair and care for weapons. This married well with his love for hunting and shooting that he developed as a child. During his time in the active military, he began collecting weapons of all sorts, including the AR-15 involved in this case, which he purchased while he was stationed with the Army in Washington State. Mr. Olofson is well versed in weapons maintenance and safety and spends as much time with the proper upkeep and maintenance of his weapons as he does with target practice.

4

Mr. Olofson's gun ownership has always been responsible and has adhered to the law. This is not a case where Mr. Olofson has a history of possessing, manufacturing or transferring machine guns. Mr. Olofson's entire history with guns demonstrates a respect not only for the guns, themselves, but for the laws concerning firearms as well. His conviction here forever bans him from enjoying the freedom of gun ownership.

Mr. Olofson has been on supervision in this case since his initial appearance on November 20, 2006. Since that time, he has been compliant with every request from probation and has followed each condition of release to the letter. His conduct on supervision exemplifies his respect for the law.

A prison sentence would have a traumatic effect on Mr. Olofson's family. He is the primary caretaker for his children, while his wife works. If Mr. Olofson is sentenced to a term of imprisonment, it would have a grave financial impact on his family, as they would need to pay for child care while his wife works. Morever, his children would lose the care and companionship of their father, who has been their primary caretaker.

This is not the case where a defendant, for example, has pled guilty to distributing drugs asks for leniency because of the effect that a prison sentence will have on his family. In that situation, the drug defendant knowingly enters into

5

criminal conduct despite the consequences that it could have on family. Here, the violation of the law – even if viewed in a light most unfavorable to Olofson – seems to be merely technical and the evidence at trial does not suggest that Mr. Olofson intended to violate the law. As such, the concerns about the effects of a term of imprisonment on Mr. Olofson's family should be given full consideration.

**C.    Nature of the Offense.**

David Olofson was charged with and after a trial by jury found guilty of knowingly transferring a machine gun. There was no evidence at trial that when Mr. Olofson lent his AR-15 rifle to Robert Kiernicki, he held it out to be a machine gun or that Kiernicki should be careful because he was possessing an unlawful machine gun. Rather, the evidence merely established that Mr. Olofson told Kiernicki not to use the AR-15 in the third setting because it did not have the right parts and would jam.

While these facts can arguably support a conviction under 18 U.S.C. § 922(o), this becomes more of a conviction by technical application of the law. This is not a case where a person is manufacturing or transferring illegal machine guns for illicit purposes. Here, there is no malice or intent behind the violation of the law. Rather, this is a case of a malfunctioning AR-15 where the hammer follow malfunction causes the rifle to fire automatically until the rifle jams.

6

As such, this case now stands for the proposition that it does not matter how or why, but if your gun fires more than one round of ammunition with a single pull of the trigger it is a machine gun – even if it only fires automatically a percentage of the time. As violations of § 922(o) are concerned, Mr. Olofson's violation must be one of the least egregious on record.

**D.  Deterrent Effect.**

Because the facts of Mr. Olofson's case are so unique, any sentence imposed by the court will not have a broad-reaching deterrent effect. And the deterrence on Mr. Olofson can be met solely by his conviction in this case. Since he can no longer possess firearms, there is no concern that he will commit future gun crimes.

**E.  Protection of the Public.**

If the public safety concern with David Olofson is about his transferring weapons, the need to protect the public is simply met by conviction. Mr. Olofson's history and military experience shows no inclination on his part to violate the law. If he is not allowed to possess firearms, he will not do so.

**F.  Other Matters.**

If the jury's verdict is allowed to stand and Mr. Olofson is sentenced in this case, he will ask that the court file a notice of appeal on his behalf. Additionally,

7

Mr. Olofson will ask that the Court stay the imposition of his sentence pending his appeal. Mr. Olofson will ask to the Court to continue his conditions of release.

Under 18 U.S.C. § 3143(b), an individual found guilty of an offense and sentenced to a term of imprisonment shall be detained unless the judicial officer finds:

(a) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c) of this title; and

(b) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

    (i) reversal,

    (ii) an order for a new trial,

    (iii) a sentence that does not include a term of imprisonment, or

    (iv) a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.

The issue of what constitutes a "substantial question" has been the subject of debate since 1984 when 18 U.S.C. § 3143 was enacted. All decisions since then that have uniformly interpreted 18 U.S.C. § 3143 set forth a four-step process,

8

Case 2:06-cr-00320-CNC    Filed 05/09/08    Page 8 of 11    Document 87

in which each step must be decided in the affirmative before the court can consider the next step. First, the Court must determine whether the defendant is likely to flee or pose a danger to others. Second, the Court must decide whether the appeal was filed solely for the purpose of delay. If the answer to both of those questions is "no," the Court must then turn to the more difficult determination of the nature of the appeal.

Mr. Olofson has been compliant with pretrial services during the approximately eighteen months that his case has been pending. He has a family with three children in Berlin, Wisconsin and significant ties to the community. He is not a risk of flight.

Mr. Olofson's appeal is not solely for the purpose to delay serving his sentence. As will be discussed below, there are a number of legal issues that could lead either to a reversal or to a new trial. If Mr. Olofson's appeal succeeds, the conviction itself could be reversed. Thus, the purpose of his release pending appeal is not to delay his prison term, but to avoid prison altogether.

The meaning of "substantial question," has been a disputed issue and has resulted in a split in the circuits. *See United States v. Miller*, 753 F.2d 19 (3d Cir. 1985) (defining substantial question as "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful"); *United*

9

*States v. Giancola*, 754 F.2d 898 (11th Cir. 1985) (what constitutes a substantial question should be determined on a case-by-case basis); *United States v. Handy*, 761 F.2d 1279 (9th Cir. 1985) (a substantial question is a "fairly debatable" one and synonymous with "fairly doubtful"); *United States v. Hatterman*, 853 F.2d 555, 557 (7th Cir. 1985) (following *Giancola* and noting that, for purposes of bail pending appeal, the court is not required to predict the appeal's outcome). The Seventh Circuit Court of Appeals has rejected a strict literal reading of the requirement found in 18 U.S.C. § 3143 that the substantial question of law will likely result in a different outcome. *See United States v. Shoffner*, 791 F.2d 586, 588 (7th Cir. 1986). If the Court were to interpret the relief statute so as to require a judge to evaluate the defendant's chances of prevailing upon appeal as a bases to justify release, the trial judge would be placed in the illogical position of being required to find that his earlier decision is in conflict with what the appellate court would rule on the same issue.

Here, Mr. Olofson's appeal will primarily focus on the soundness of the jury's verdict, the constitutionality of the statute as it is applied to Mr. Olofson, the Court's application of *Staples v. United States*, 511 U.S. 600 (1994) to his case and some significant evidentiary questions. As it relates to the first three issues, the National Rifle Association ("NRA") has found such significant merit to the questions raised by Mr. Olofson that it has agreed to assist on the appeal either as co-counsel

10

or in an amicus capacity. Mr. Olofson's case will test the reaches of *Staples* and the definition found in 26 U.S.C. § 5845(b). As such, it poses a substantial question of law.

## III

## CONCLUSION

David Olofson asks this Court to sentence him to twelve months of probation. Because this is a Class D felony, under the sentencing statute, Olofson may be sentenced between 1-5 years probation for this crime. 18 U.S.C. § 3561(c)(1). A sentence of probation can provide adequate punishment. *Gall v. United States*, 128 S.Ct. 586, 595-96, n.4 (2007) Accordingly, upon consideration of the sentencing factors in this case, a sentence of twelve months probation is sufficient by not greater than necessary to meet the goals of the Sentencing Reform Act.

Dated at Milwaukee, Wisconsin, May 9, 2008.

Respectfully Submitted,

s/ Brian T. Fahl_____
Brian T. Fahl, Bar #1043244
Counsel for Defendant
FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.
517 E. Wisconsin Avenue, Room 182
Milwaukee, WI 53202
Tel: 414-221-9900
Fax: 414-221-9901
brian_fahl@fd.org