UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                Case No. 06-CR-320

DAVID R. OLOFSON,

    Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS
TO COMPEL DISCLOSURE OF EVIDENCE AND FOR A NEW TRIAL**

As he did in a motion filed before his trial, Olofson asks the Court to compel the government to disclose a copy of "any and all correspondence from the Bureau of Alcohol Tobacco and Firearms (BATF) to SGW/Olympic Arms or concerning SGW/Olympic Arms' use of M-16 parts in the production of its AR-15 type weapons between 1980 and 1990, particularly the use of M-16 triggers, hammers, disconnectors and selectors." It now is clear that Olofson is seeking disclosure of one specific letter from ATF to SGW.[1]

---

[1] In his supporting memorandum, Olofson contends that he "previously requested disclosure of the SGW letter from the government on September 25 and December 10, 2007. The government refused to turn over the letter." Def. Memo. at 1. Olofson makes it sound as though (1) he requested a specific letter; (2) the United States Attorney's Office had that letter; and (3) the United States Attorney's Office refused to provide the letter to Olofson. In fact, Olofson's September and December requests (as well as his initial motion to compel discovery) were much broader, and included a litany of items that Olofson withdrew after conceding that they were not exculpatory. Moreover, when the requests were made, the United States Attorney's Office did not have in its possession any correspondence between ATF and SGW.

**I.	Before trial, the Court declined to compel disclosure of the information sought by Olofson because it was not persuaded that the information was exculpatory; the Court's ruling was correct, and Olofson now is simply rearguing the same point without any new information that impacts the Court's original analysis.**

The government's position has all along been that the information sought by Olofson is not subject to disclosure because it is not exculpatory. Tr. at 2, 3, 5. The Court has agreed, declining to compel disclosure before trial because it was not persuaded that the information was exculpatory.

In his motion, Olofson recounts that "[t]he Court had previously denied Olofson's motion for disclosure based upon the ATF's representations that the SGW letter contained privileged tax return information." Def. Motion at 1. Again, the Court actually denied Olofson's because it found that the information that was sought was not exculpatory. The Court explained that, "based upon what I've heard today as well as during our last hearing and after reviewing your motion to compel discovery, I cannot conclude that the information you're requesting is, in fact, exculpatory. . . . [T]here is nothing that you've said that suggests to me that the Government is required under *Brady* to provide you with this information. Hence, your motion to compel is denied." Tr. at 6.

Olofson has identified nothing new that suggests that the Court was wrong in finding that the information was not exculpatory. The argument he makes now ("[T]he SGW letter is discoverable because it directly contradicts the government's theory during the pendency of this case that because Olofson's AR-15 contained the following M-16 parts, it qualified as a machine gun: a M-16 trigger, hammer, disconnector and selector.") is virtually identical to the one that he made before trial ("So if the Government's proof is

2

going to be that the presence of these internal M-16 parts are what constitutes or makes this gun a machine gun, then I think the letter is . . . exculpatory and discoverable underneath *Brady*.").

The government has a duty to disclose exculpatory evidence to a defendant. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Exculpatory evidence is evidence that supports a claim of innocence to the crime charged. *United States v. Serfling*, 504 F.3d 672, 678 (n.1) (7th Cir. 2007). Olofson has not articulated any basis for finding that the information he seeks is favorable and material to his defense. *Cf. United States v. Banks*, 405 F.3d 559, 563 (7th Cir. 2005). He simply asserts that the letter is discoverable "because it directly contradicts the government's theory . . . that because Olofson's AR-15 contained [specific] M-16 parts, it qualified as a machine gun. . . ." Def. Memo. at 2.

Olofson mischaracterizes the government's position. The government has never contended that any particular combination of parts was necessary or sufficient to satisfy the statutory definition of a machinegun. From the beginning, the government's position has been that Olofson's firearm was a machinegun not because of the presence or absence of any particular component, but because it fired automatically more than one shot, without manual reloading, by a single function of the trigger. *See* 28 U.S.C. § 5845(b). The government articulated this position in the final pretrial report, R.66:4; in its opening statement, Tr. 12; through its expert witness, Tr. 100; and in its closing argument, Tr. 188, 213.

3

Nonetheless, Olofson contends that the information he seeks is exculpatory because it somehow contradicts the government's theory of the case. It is impossible to tell from his assertion why it is that Olofson believes the information is exculpatory. He never has contended (nor could he maintain) that the ATF letter supercedes and supplants the express statutory definition of "machinegun." And to the extent that Olofson believes that the letter shows that SGW manufactured his model of AR-15 with M-16 hammers, triggers, disconnectors, and selectors, his lawyers certainly could have subpoenaed someone affiliated with SGW to testify at trial as to the manufacture of those guns during the relevant time period. It doesn't appear that any such attempt was made.

Again, before trial the Court denied Olofson's motion to compel because Olofson had not satisfied the Court that the information he sought was exculpatory. Tr. 6. Olofson has added no further articulation, and his most recent motion to compel should be denied.

## II. The Bureau of Alcohol Tobacco and Firearms maintains its position with respect to the restrictions of 26 U.S.C. § 6103.

Olofson now portrays § 6103 as the basis upon which the government declined to disclose the ATF letter and upon which the Court denied his earlier motion to compel. But the government made clear that the § 6103 restriction was "secondary" to its central position that the letter was not exculpatory. Tr. 5. Likewise, the Court based its decision on Olofson's failure to establish that the letter was exculpatory, and merely noted the government's position on the § 6103 issue. Tr. 6. Significantly, the Court also suggested that, had it been satisfied that the letter may be exculpatory, it could have required an *in camera* inspection of the letter. Tr. 6.

4

ATF maintains its position with respect to § 6103 restrictions on disclosing the letter. Olofson suggests that the letter is not "return information" because it was "not filed by the taxpayer." Def. Memo. at 4. But § 6103(a) broadly prohibits the disclosure of "return information," which includes information "received by, recorded by, *prepared by*, furnished to, or collected by the Secretary . . . with respect to the determination of the existence, or possible existence, of liability" under the Internal Revenue Code. 18 U.S.C. § 6103(b)(2)(A) (emphasis added).

Olofson also attempts to remove the ATF letter from the compass of § 6103 by asserting that it "issued from BATF in response to safety concerns about SGW/Olympic Arms AR-15 rifles." Def. Memo. at 4. He also acknowledges, however, that he has never seen a copy of the letter; according to Olofson, the information that he has about the letter's content comes from the owner of SGW/ Olympic Arms. While it appears that the owner of SGW has discussed the letter with Olofson, it does not appear that Olofson or his attorneys have ever sought or obtained SGW's consent to disclosure of return information. If they had obtained such consent, SGW's return information could be disclosed. 26 U.S.C. § 6103(c).

The government would disclose the ATF letter if after *in camera* inspection the Court found that it was exculpatory or if SGW provided the appropriate consent. In the absence of either of those two events, and because Olofson has not otherwise established that the letter is exculpatory, the Court should deny his motion to compel.

5

### III. Olofson has not established that he is entitled to a new trial.

Olofson claims that he is entitled to a new trial because "[a]fter evaluation, it is clear that the SGW letter undermines the jury's verdict in this case and creates a miscarriage of justice." Def. Mot. at 2.

In order to establish that he is entitled to relief under Rule 33, Olofson would have to "show that he became aware of the evidence only after the trial, that he could not have discovered the evidence by due diligence any sooner, that the evidence is material and that the evidence would probably lead to an acquittal in the event of a new trial." *United States v. Brumley*, 217 F.3d 905, 909 (7th Cir. 2000).

Olofson acknowledges that his motion for a new trial is conditioned upon his motion to compel being granted. If the motion to compel is denied, then there is no basis for granting a new trial. But even if the motion to compel is granted, the parties and the Court should be afforded the opportunity to assess its impact on the *Brumley* factors before addressing the merits of a motion for a new trial.

6

**Conclusion**

Based on the foregoing, the government asks the Court to deny Olofson's motions (1) for disclosure of evidence and (2) for a new trial.

Respectfully submitted at Milwaukee, Wisconsin, this 12th day of May, 2008.

        STEVEN M. BISKUPIC
        United States Attorney

By:    s/Gregory J. Haanstad
        GREGORY J. HAANSTAD
        Assistant United States Attorney
        Gregory J. Haanstad: 1036125
        Attorney for Plaintiff
        Office of the United States Attorney
        Eastern District of Wisconsin
        517 East Wisconsin Avenue, Room 530
        Milwaukee, Wisconsin 53202
        Telephone: (414) 297-1700
        Fax: (414) 297-1738
        E-Mail: greg.haanstad@usdoj.gov