UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                     Case No. 06-CR-320

DAVID R. OLOFSON,

    Defendant.

---

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCLOSURE OF EVIDENCE

DAVID R. OLOFSON, by counsel, submits this reply in support of his motion for disclosure of evidence and motion for a new trial.

**I.    Olofson Requests Any And All Correspondence.**

Olofson's instant motion to compel seeks any correspondence between the BATF and Schuetzen Gun Works ("SGW") or Olympic Arms concerning SGW/Olympic Arms' use of M-16 parts in the production of its AR-15 type weapons between 1980 and 1990, particularly the use of M-16 triggers, hammers, disconnectors and selectors. As stated in the motion to compel, the use of the phrase "SGW letter" for simplicity's sake and was not intended to limit Olofson's request. *See* Defendant's Motion to Compel at 1, FN1.

## II. The Evidence Requested is Exculpatory.

It should be reiterated that Olofson has never seen any correspondence from the BATF to SGW/Olympic Arms concerning the latter's use of M-16 parts in the production of AR-15 rifles. However, it is Olofson's belief that the correspondence indicates that SGW/Olympic Arms AR-15 rifles were manufactured with internal parts, specifically M-16 triggers, hammers, disconnectors and selectors. Olofson also believes that the correspondence also indicates that the use of these internal M-16 parts creates a safety hazzard and asks that SGW/Olympic Arms issue a recall for the AR-15 rifles manufactured with the M-16 parts.

The above information is exculpatory for a number of reasons. First, the evidence contradicts the testimony at BATF Officer Kingery who testified that SGW/Olympic Arms did not manufacture AR-15 rifles with all four M-16 parts. Additionally, the correspondence contradicts the government's theory that it was the combination of the four M-16 parts that cause Olofson's AR-15 to fire multiple rounds with a single pull of a trigger. In the government's response, it argues that "Olofson's firearm was a machine gun not because of the presence or absence of any particular component, but because it fired automatically more than one shot, without reloading, by a single function of the trigger." Government's brief at 3. But this statement is belied by the government's introduction of its Exhibit 9, the AR-15 to M-16 Conversion Book. The government used this book in its attempt to

demonstrate that a AR-15 can be converted into an M-16 by the substitution of certain M-16 parts – the very parts found in Olofson's AR-15.

## III. Additional Evidence.

Undersigned counsel has now come into possession of a copy of another item that was requested in discovery: ATF "Open Letter," Federal Firearms Licensee News Publication, issued in the fall of 1986. An excerpt from this Open Letter is attached hereto.

The letter addresses owners of various AR-15 rifles that have been assembled with internal M-16 parts.[1] The letter notes that "the vast majority of these rifles have been assembled with an M-16 bolt carrier, hammer, trigger, disconnector and selector...." The letter notes that SGW is one of the companies that assembles its rifles with these M-16 parts. Moreover, the letter cautions: "Additionally, these rifles could pose a safety hazard in that they fire automatically without the user being aware that the weapon will fire more than one shot with a single pull of the trigger." The letter then instructs that "[a]ny AR15-type rifles which have been assembled with M16 internal components should have those parts removed and replaced...."

---

[1] The letter cautions that these rifles, if they fire automatically, could be considered machine guns under 26 U.S.C. § 5845. However, this letter predates the United States Supreme Court's decision in *Staples v. United States*, 511 U.S. 600 (1994), which requires that knowledge that the rifle will fire automatically.

This open letter buttresses the correspondence requested by this motion in that it also contradicts Officer Kingery's testimony that SGW/Olympic Arms' AR-15 rifles were not manufactured with M-16 bolt carriers, hammers, triggers, disconnectors and selectors. Moreover, the open letter demonstrates that according to the ATF the preferred course of action is to replace the M-16 parts with the proper AR-15 parts, which is what should have taken place in this instance.

**IV.    26 U.S.C. § 6103.**

Undersigned counsel is attempting to contact SGW/Olympic Arms owner Bob Schuetzen to see if he will sign a consent for the release of the information. However, at the time of the filing of this reply, Mr. Schuetzen has not been reached. In the event that Mr. Schuetzen cannot be contacted prior to the May 13, 2008, sentencing hearing, Olofson would request that the Court review the correspondence *in camera* to determine whether it contain exculpatory information that should be disclosed under *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

**V.    Conclusion.**

For the foregoing reasons, Olofson respectfully requests that the court grant his motion to compel the disclosure of any correspondence between the BATF and Schuetzen Gun Works ("SGW") or Olympic Arms concerning SGW/Olympic Arms' use of M-16 parts in the production of its AR-15 type weapons between 1980

and 1990, particularly the use of M-16 triggers, hammers, disconnectors and selectors.

Dated at Milwaukee, Wisconsin, May 12, 2008.

Respectfully submitted,

**/s/ Brian T. Fahl**
Brian T. Fahl, Wis. Bar #1043244
Counsel for Defendant
FEDERAL DEFENDER SERVICES OF WISCONSIN, INC.
517 E. Wisconsin Avenue, Room 182
Milwaukee, WI 53202
Tel: 414-221-9900
Fax: 414-221-9901
E-mail: brian-fahl@fd.org

N:\Cases-Open\O-P\Olofson, David - 07-203\Post-Trial\compel reply.wpd

5
FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.
Case 2:06-cr-00320-CNC   Filed 05/12/08   Page 5 of 5   Document 90