UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                                            Case No. 06-CR-320

DAVID R. OLOFSON,

        Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO STAY EXECUTION OF SENTENCE**

## INTRODUCTION

Defendant David R. Olofson has moved this Court to stay execution of his sentence pending resolution of any appeal he might bring. But Olofson has failed to meet the statutory test entitling him to such relief. Specifically, he has failed to establish by clear and convincing evidence that he his not likely to pose a danger to the safety of the community if released, and has failed to identify a "substantial question of law" that is likely to result in a reversal, a new trial, or a reduced sentence to a term less than the expected duration of this appeal. This Court should therefore deny his motion for bail pending appeal.

## ARGUMENT

The Bail Reform Act of 1984, 18 U.S.C. § 3143(b), largely reversed the presumption in favor of bail pending appeal under the Bail Reform Act of 1966. *See United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir.1985); *see also United States v. Greenberg*, 772 F.2d 340,

341 (7th Cir.1985). Under § 3143(b), a person who has been found guilty of an offense and sentenced to a term of imprisonment shall be detained pending appeal unless a judicial officer finds

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

Olofson does not address whether he poses a danger to the safety of others or the community. Olofson's history and characteristics, as well as the nature of the present offense, show that Olofson does present a danger to the community. The information relevant to that inquiry is set forth in Part II.B of the government's sentencing memorandum. Particularly in light of this information, Olofson has not satisfied his burden of establishing by clear and convincing evidence that he is not likely to pose a danger to the community if released on bond pending appeal. That fact alone provides a sufficient basis upon which to deny Olofson's motion.

As Olofson acknowledges, he must also demonstrate a substantial question of law or fact likely to result in reversal or a new trial. "The change Congress enacted [in the Bail

2

Reform Act] 'requires an affirmative finding that the chance for reversal is substantial. This gives recognition to the basic principle that a conviction is presumed to be correct.' " *Bilanzich*, 771 F.2d at 298 (quoting S.Rep. No. 225, 98th Cong., 1st Sess. 27, reprinted in 1984 U.S.Code Cong. & Ad.News 3182, 3210). Section § 3143(b) also recognizes "that harm results not only when someone is imprisoned erroneously, but also when execution of sentence is delayed because of arguments that in the end prove to be without merit." *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir.1986).

Section 3143(b)(1)(B) places "the burden of showing the merit of the appeal" on the defendant. *Bilanzich*, 771 F.2d at 298. First, the defendant must demonstrate that the appeal presents a "substantial" question. *See Shoffner*, 791 F.2d at 588; *Bilanzich*, 771 F.2d at 298. "An issue is 'substantial' ... if it presents a close question or one that very well could be decided the other way.'" *United States v. Hattermann*, 853 F.2d 555, 557 n. 6 (7th Cir.1988) (internal quotations omitted). In short, this Court must find "that the appeal could readily go either way, that it is a toss-up or nearly so." *Greenberg*, 772 F.2d at 341.

The defendant also must show that the substantial issue will affect the validity of the conviction. *See Shoffner*, 791 F.2d at 588. The court "must determine whether a contrary appellate ruling is likely to require a reversal of the conviction or a new trial." *Id*. at 588 (citing *Bilanzich*, 771 F.2d at 298). Thus, this Court must be convinced that "the appellate court is more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed." *Bilanzich*, 771 F.2d at 298.

3

Olofson explains that his appeal will address the soundness of the jury's verdict; the constitutionality of § 922(*o*); this Court's application of *Staples v. United States*, 511 U.S. 600 (1994); and some unidentified evidentiary questions. Def. Sent. Memo. at 10. Olofson asserts that these are substantial questions, but offers no analysis as to why that is so, other than to note that "the National Rifle Association ("NRA") has found such significant merit to the questions raised by Olofson that it has agreed to assist on the appeal . . . ." Def. Sent. Memo. at 10. Of course, it is this Court that must determine the potential merit of appeal issues, and the tacit endorsement of any private organization has no bearing on that analysis.

And the merit of the issues identified by Olofson is not immediately apparent. A defendant challenging the sufficiency of the evidence always faces a daunting challenge. *United States v. Suggs*, 374 F.3d 508, 518 (7th Cir. 2004); *United States v. Brown*, 328 F.3d 352, 355 (7th Cir. 2003). And the circuits have uniformly found that § 922(*o*) is constitutional. *See United States v. Kenney*, 91 F.3d 884, 891 (7th Cir. 1996)(upholding the statute as a valid exercise of Congress's power to regulate interstate commerce); *United States v. Franklin*, 157 F.3d 90, 96 (2d Cir. 1998) (collecting cases). Finally, with respect to this Court's application of *Staples*, the Court instructed the jury, consistent with *Staples*, that the jury had to unanimously find beyond a reasonable doubt that Olofson acted knowingly. Olofson has not, in short, identified a substantial question of law that is likely to result in reversal or an order for a new trial. His motion for bond pending appeal should therefore be denied.

4

## CONCLUSION

Based on the foregoing, the government asks this Court to deny Olofson's motion for bond pending appeal.

Respectfully submitted, this 13th day of May, 2008.

                        STEVEN M. BISKUPIC
                        United States Attorney

By:    s/Gregory J. Haanstad
        GREGORY J. HAANSTAD
        Assistant United States Attorney
        Gregory J. Haanstad: 1036125
        Attorneys for Plaintiff
        Office of the United States Attorney
        Eastern District of Wisconsin
        517 East Wisconsin Avenue, Room 530
        Milwaukee, Wisconsin 53202
        Telephone:(414) 297-1700, Fax:(414) 297- 1738
        E-Mail: greg.haanstad@usdoj.gov