UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,    JON W. SANFILIPPO
                                    CLERK

    Plaintiff,

    v.                                      Case No. 06-CR-320

DAVID R. OLOFSON,

    Defendant.                          10-C-0896

---

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A

SENTENCE BY A PERSON IN FEDERAL CUSTODY

---

## I. SUBJECT OF THIS PETITION

On December 5, 2006, a grand jury returned a one count indictment charging David Roland Olofson of having, on July 13, 2006, knowingly transferred a machinegun. On January 7, 2008, Mr. Olofson was tried and convicted on Case No. 06-CR-320 in the United States District Court for the Eastern District of Wisconsin for a single count violation of 18 U.S.C. §§ 922(o) which prohibit the transfer of a machine gun without the payment of a $200.00 tax as specified in 26 U.S.C. section 5845. After his not guilty plea and subsequent jury trial, Mr. Olofson was given a final judgment and sentence entered on May 15, 2008, by the district court of 30 months imprisonment, 24 months supervised release, 60 hours of community service, and a $100.00 special assessment for this non violent tax crime.

Mr. Olofson, at the repeated insistence of his trial counsel, has never testified in any hearing or during the trial. Nor does he have any other felony convictions or sentences to be served.

## II. DIRECT APPEAL OF CONVICTION

This conviction was appealed In The United States Court of Appeals for the Seventh Circuit In case No. 08-2294 on the 25 day of August, 2008 where the following issues were raised:

1

I. Did the District Court Deny Olofson a Fair Trial by its Failure to include the staples definition in the Jury Instructions.
II. As a Matter of Law, the Evidence Was Insufficient to Support a Conviction under Sections 922(o).
III. Without the Staples Interpretative Gloss on the Meaning of "Automatically," Olofson's Conviction under 18 U.S.C. Sections 922(o) Is Invalid, the Statutes Being Void for Vagueness.
IV. The Court Erroneously Excluded the Defense Firearms Expert from Trial During the Testimony of the Prosecution's Firearms Expert.
V. The District Court Committed Prejudicial Error In Denying Defendant's Discovery Requests.

The United States Court of Appeals for the Seventh Circuit affirmed Mr. Olofson's conviction on May 1st, 2009.

On Appeal from the United States District Court for the Eastern District of Wisconsin Mr. Olofson Petitioned for Rehearing *En Banc*. The Rehearing was consequently denied on June 1, 2009.

Mr. Olofson subsequently petitioned Supreme Court of the United States On Petition for Writ of Certiorari to the United States Court of Appeals for the Seventh Circuit on August 28, 2009. The following issues were to be raised:

I. Whether the sufficiency of the evidence of the Petitioner's knowledge of the firing characteristics of his semiautomatic rifle was improperly assessed in the courts below by a definition of "automatically" in conflict with the one adopted and applied in Staples v. United States, 511 U.S. 600 (1994)?
II. Whether Petitioner was denied a fair trial by the trial court's refusal to include in its jury instructions the definition of "automatically" set forth in Staples?
III. Whether Petitioner's conviction was obtained at trial and affirmed on appeal based on an inaccurate statement of the law governing the meaning of "automatically" as prescribed in 26 U.S.C. section 5845(b), and incorporated by 18 U.S.C. section 921(a)(23) into 18 U.S.C. section 922(o)?

On October 12, 2009 this redress of grievance was also denied.

## III. POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL

No other relief has been sought outside of the direct appeal.

2

## IV. GROUNDS FOR RELIEF

1. **Failure to Investigate Evidence/Witnesses**

   All pre trial and trial attorneys were made aware of numerous material and character witnesses. These witnesses if placed on the stand would have provided abundant points of reference for the jury in regards to the functionality of the weapon in question, honesty and actions of the government's witness, and what the defendant said when loaning the weapon out. Such a frame of reference is necessary to determine at what point the weapon in question bargain to malfunction, and the defendant's knowledge of it.

   In the year and a half before the trial that council had known about the witnesses none of them received any queries from the attorneys or the P.I. that the defendant was introduced to, either in writing, in person, or telephonically. There neglect of lay witnesses was so outrageous in this case that even when witnesses were brought to the trial by the defendant. Being fully informed that the witness could testify that the weapon in question was in his possession just prior to being loaned to the government's witness, and had not shown the characteristics the government was claiming, they refused to place them on the stand.

   The trial attorneys in this case went so far as to admit they never looked at, or even attempted to investigate any of the "evidence" the government had sized from the defendants house when confronted by the court during the sentencing hearing

   Simply questioning the witness on the list given to them also would have produced the evidence needed to counterdict what a government agent said during the evidentiary hearing, in all likelihood preventing any of Mr. Olofsons statements from being used as evidence.

   The extent of the gross negligence demonstrated by trial counsel in the case is so overwhelming, that had they done a simple web search under the government witness's name, they would have found the documentation needed to discredit him publicly and readily available on the internet.

   Furthermore, despite repeated request by the defendant for independent testing and examination of the weapon in question, council chose to rely solely on the very agency prosecuting the defendant for answers. The result was nothing but a short video clip of what the agency wanted the jury to see, instead of an informative scientifically sound test. Such an independent test would have had the opposite results of those artificially produced by the ATF, and would have fully informed the jury as to the condition of the weapon under proper testing conditions. The defendant also demanded finger printing of the internals of the weapons fire control group. Trial council instead gave free reign to the prosecuting agency to ignore the defendant's requests allowing them to leave out any testing results that would have demonstrated the innocence of the defendant.

3

Evidence of the above listed claim is attached in the form of articles, affidavits, letters, notes, printed web pages, or otherwise found in the courts printed records and hearings or other courts records.

## 2. Failure to Vigorously Defend

From start to finish the trail attorneys refused to make any objections to irrelevant evidence and opinions. This allowed many of the proverbial "pink elephants" in the courtroom that colored the juries perceptions in this case. This included talk and documentation of "converting" an AR-15 to an M-16, when a conversion was not claimed by the government in this case. Outright acceptance of emails with defendant's political beliefs, and a refusal to defend against the false accusation that defendant bought or traded for M16 fire control group parts. Such a defense being as easy as pointing out that the email produced by the government never showed defendant accepting any such parts, but instead showed the defendant looking only for legal components to fit a simi automatic weapon, or seeking equipment for his military service.

In similarly negligent fashion, counsel advised defendant not to take the stand to correct the record about the facts as put forth by the government's single lay witness. Being that only the defendant and the governments witness were the only two privy to their private conversation this was a critical necessity to bring truth to light. All being said, counsel did nothing to bring any evidence forward to show the dishonesty of the governments one witness, despite it being not only readily available, but having been provided to them. This in fact "gave" the government one of the two critical elements they needed in the case for a conviction. After the court allowed the government to tell the jury that the cause of the malfunction of the semi automatic weapon in question did not matter "no matter what the cause," trial counsel were essentially caught off guard with no arguments or defenses ready to prove the defendant had no knowledge of the weapons functioning while it was outside his control. That despite being given the necessary information at an earlier date.

Defendant's council also completely disregarded information and evidence given to them by the defendant and his expert witness specifically to demonstrate the lack of credibility the ATF has shown in testing and testimony during a prosecution.

Evidence of the above listed claim is attached in the form of articles, affidavits, letters, notes, printed web pages, or otherwise found in the courts printed records and hearings or other courts records.

## 3. Failure to Properly Utilize Expert Witness

Trial counsel failed to interview, discuss the case with, or otherwise prepare defendants expert witness in any meaningful way.

This included not making arrangements for him to perform a detailed inspection of the weapon. Perform a scientifically sound test of the weapon himself, or even arrange for his

4

presents during the ATFs test for independent verification of their testing. Such a presents would have changed the information shown to the jury on the video tape provided by the government.

Furthermore, they refused to demand and pursue all possible exculpatory evidence the government had so it could be produced. This despite the defendant's expert witness providing them some of the documents the government had in its possession, but claimed ignorance of.

Counsel did not vigorously object to Mr. Savage being removed from the courtroom. His presence was a necessary for council, who are not experts on firearm design and function, to understand what the government witness was saying and to respond in a reasonable and articulate fashion. Mr. Savage's presences were an absolute necessity in a case like this where he was not allowed to perform a detailed inspection or test of the weapon prior to the trial.

Even when on the stand counsel did not effectively question Mr. Savage, choosing to focus on the ATFs informal testing procedures, without having him clarify what sound scientific procedures should be followed, and to therefore demonstrate where the ATFs procedures were flawed, producing a incorrect result and impeaching the government witnesses testimony.

Evidence of the above listed claim is attached in the form of articles, affidavits, letters, notes, printed web pages, or otherwise found in the courts printed records and hearings or other courts records.

### 4. Failure to Vigorously Advocate for Jury Instruction

Record shows that counsel did not vigorously press the court for an adoption of a jury instruction that was clear on the definition of "automatically," as amended and used in the National Firearms Act of 1934, and as pointed out by the United States Supreme Court in US v. Staples. Such a clear and concise definition is necessary for a lay person to understand how the evidence is to be interpreted. The records of the court are devoid of any formal request by the trail attorneys that would have clearly explained the use of the term and how it was to be applied.

Evidence of the above listed claim is found in the courts printed records and hearings.

### V. REPRESENTATION

1. The defendant-appellant, David R. Olofson, is currently petitioning the court Pro se.

2. The defendant-appellant, David R. Olofson, was previously represented by Herbert W. Titus, Esquire, William J. Olson, Esquire, of William J. Olson, P.C., 8180 Greensboro

5

Drive, Suite 1070, McLean VA 22101, by Robert E. Sanders, Esquire, of Mark Barnes & Associates, 1350 I Street, N.W., Suite 1255, Washington, D.C. 20005; Brian T. Fahl and Brian P. Mullins, Federal Defender Services of Wisconsin, Inc., who also represented Mr. Olofson in the District Court Prior to such representation by Messrs. Fahl and Mullins, Mr. Olofson was represented in the District Court by Christopher Rose of the law firm of Rose & Rose, 5529 6 Avenue, Kenosha, WI 53140.

## VI. REQUEST FOR RELIEF

From start to finish trial counsels performance was negligent and deficient, putting on only a cursory show of defense while putting forth no reasonable effort, despite being asked to by both the defendant and his expert witness. Even when the defendant and his expert witness provided information and documentation counsel refused to act on it. Their inaction when provided with the necessary information to put on a proper defense of all the elements of this crime, or to provide a proper adversarial process is a sever deficiency in acceptable performance of defendants trial council.

Some of the testimony and evidence council chose to omit from the courtroom would have had a pervasive effect on the jury in and of itself. Others had a cumulative effect that had more than a reasonable probability of prejudicing the defense. In particular refusing to call any witness has in other cases been grounds in and of itself for a finding deficiency and proof of deprivation of defendant's 6th amendment right to a fair trial.

In order for justice to be served and the truth to be known, a new trial must be granted where all the evidence is seen, everyone is heard, and nothing is hidden or allowed to be hidden by the defendants counsel.

## VII. DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, hereby declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.

Dated at Milwaukee, Wisconsin, October 12, 2010.

Respectfully submitted,

David R. Olofson
197 East Moore Street
Berlin, WI 54923
(920)332-4549
Olofson@charter.net

Pro se Appellant

6

Case 2:06-cr-00320-CNC   Filed 10/12/10   Page 6 of 6   Document 113